### 57399. BRIDGES v. 20TH CENTURY TRAVEL, INC.

SMITH, Judge.

In this interlocutory appeal, appellant Bridges contends the trial court committed an abuse of discretion when it granted appellee's motion for a protective order prohibiting certain discovery sought by appellant. We agree with that contention and reverse the judgment of the trial court.

Appellant, Johnny Harris, and Betty Carroll were the sole shareholders and directors of appellee. On November 29, 1977, appellant brought this suit seeking to have appellee comply with its obligation to purchase appellant's stock in the corporation, pursuant to a stock redemption agreement into which the three individuals and the corporation had entered on January 5, 1976. Appellee refused to comply with appellant's May 1977 demands for purchase and defended this suit upon the asserted justification that compliance with the agreement would render appellee insolvent. See Code § 22-513 (e).

On October 18, 1978, appellant filed a notice to produce and a notice to take deposition upon C. M. Culpepper, the president of Buckhead House of Travel, Inc., by whom Harris and Carroll had been employed as of November 1977. Among other things, appellant's notice to produce sought discovery of information concerning any transfers of appellee's assets to Buckhead House of Travel which had been effected on or after November 1977. Appellant also sought to discover other information pertaining to Harris and Carroll and their relationship with appellee's competitor. Appellee introduced no evidence in support of its unverified motion for a

protective order, which alleged that the proposed deponent possessed no information relevant to the subject matter of this suit. The trial court granted appellee's motion and entered an order cancelling appellant's notices to produce and to depose.

We believe the court below abused its discretion in prohibiting appellant from pursuing his right to discover, and of particular import to us is the fact that appellee offered no evidence to support its motion. Appellee's financial status and its alleged inability to comply with the stock redemption agreement were the cornerstones of appellee's defense, and we cannot say appellant's attempted discovery would have failed to reveal information relevant to the case. "Discovery is not limited to matters that are admissible in evidence at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. Code Ann. § 81A-126 (b)(1) (Ga. L. 1966, pp. 609, 635; 1967, pp. 226, 233; 1972, p. 510). '[T]his procedure is to be given a liberal construction in favor of supplying a party with the facts underlying his opponent's case, and this without reference to whether the facts sought on discovery are admissible upon the trial of the action.' *Setzer's Super Stores v. Higgins,* 104 Ga. App. 116, 120 (121 SE2d 305).

"We are ever mindful of the rule that the extent of discovery and use of protective orders is generally within the discretion of the trial judge. However, this must be a sound and legal discretion based on evidence and a showing of good cause. Protective orders 'should not be entered when the effect is to frustrate and prevent legitimate discovery.' *Travis Meat & Seafood Co. v. Ashworth,* 127 Ga. App. 284, supra, p. 288 . . . The contention by the plaintiff in his motion for protective order, that his wife 'does not even know about any of these events,' must obviously yield to the overriding policy of liberally construing the application of the discovery law. To hold otherwise would be to to give every litigant an effective veto of his adversaries' attempts at discovery. Thus, could the president of a corporation involved in litigation make a similar statement as to the knowledge of a junior executive or employee in a motion for such a protective order and thereby successfully frustrate

discovery? Obviously not.

" 'It is contemplated that the trial judge will exercise a sound and legal discretion in the grant or denial of protective orders. *Such are intended to be protective — not prohibitive —* and, until such time as the court is satisfied by *substantial evidence* that *bad faith or harassment motivates the* (discoveror's) *action,* the court should not intervene to limit (or prohibit) the scope of pretrial discovery.' (Emphasis supplied.) *Travis,* supra, p. 288." *International Service Ins. Co. v. Bowen,* 130 Ga. App. 140, 144 (202 SE2d 540) (1973).

*Judgment reversed. Quillian, P. J., and Birdsong, J., concur.*

SUBMITTED MARCH 12, 1979 — DECIDED APRIL 24, 1979 — REHEARING DENIED MAY 8, 1979.

*Goodman, Whitmer & Buckland, James E. Goodman, F. Clay Bush,* for appellant.

*Decker, Duncan & Cooper, Richard P. Decker,* for appellee.