59677. SUN FIRST NATIONAL BANK OF ORLANDO v. GAINESVILLE 75, LTD. et. al.

CARLEY, Judge.

This case involves an action to domesticate and enforce in Georgia a judgment for money damages obtained in Florida. Plaintiff-appellant, Sun First National Bank of Orlando, obtained a judgment in Florida against defendant-appellees. Subsequently, Sun First filed a two count suit in Fulton County against appellees. Only count two, the count seeking to domesticate and enforce the Florida judgment, is before this court.

Appellees answered admitting that judgment had been entered against them in Florida but denying the remainder of the material allegations contained in the complaint. Also, appellees asserted the affirmative defenses of accord and satisfaction, release and payment.

Appellant filed a motion for summary judgment as to count two of the complaint and, in support thereof, introduced the affidavit of Warren E. Wilcox, a vice president of the bank. Mr. Wilcox states that on his personal knowledge a final judgment has been rendered for appellant against appellees and that the "balance due and owing on said judgment is $64,187.32, with interest at the legal rate in Florida of $14.068 per diem from and after May 25, 1979."

In opposition to the motion for summary judgment, appellees introduced the affidavit of T. Carlyle Scales and Joseph G. C. Adams. Mr. Scales, one of the appellees, stated that he did not know the current amount, if any presently due and owing on the Florida judgment, but it was substantially less than $64,187.32. Mr. Adams, not a party to this action but a defendant to the Florida judgment, stated that he had entered into an agreement with appellant providing for payment on the judgment as well as for payments of other debts which he owes the bank. He further stated that since approximately August 15, 1979, he had made monthly payments of

$1,000 pursuant to the aforesaid agreement and $200 of each $1,000 paid had been applied against the amount owed under the judgment. Finally, Adams stated that he had continuously made the payments on a timely basis since entering said agreement and that from July 6, 1979, through the date of the affidavit (September 26, 1979) he had paid approximately $400 on the judgment and that he was continuing to make such monthly payments.

In denying appellant's motion for summary judgment, the trial court stated his grounds as follows: (1) There remains a genuine issue of material fact as to the amount presently owed on the Florida judgment; and (2) there remains a genuine issue of material fact because of appellant's failure to controvert appellees' affirmative defenses of accord and satisfaction, payment and release. Appellant, pursuant to the provisions of Code Ann. § 6-701 (a) 2 (A), obtained a certificate of immediate review and, within the time allowed by law, filed its petition for immediate review. We issued an order allowing an interlocutory appeal and the case is before us for review.

Appellant urges that the trial court erred as a matter of law in denying its motion for summary judgment as to count two of the complaint. The right to maintain an action upon a judgment rendered in a court of competent jurisdiction of another state is guaranteed by Art. IV, Sec. 1 of the Constitution of the United States providing that full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state (Code Ann. § 1-401).

However, among the prerequisites to the application of the constitutional mandate under consideration is the requirement that to entitle the judgment of the court of a sister state to full faith and credit and to endow it with conclusive effect, the judgment must be final. Appellees argue that a practical construction of the Florida judgment against them leads to the conclusion that it is not final and, therefore, not entitled to full faith and credit. *Blue v. Blue,* 243 Ga. 22 (252 SE2d 452) (1979). The law of the state of rendition determines whether or not a judgment is final and, if not, what issues remain subject to further determination. Restatement of Conflict of Laws 2d § 107. "No [Florida] law appears in this record on this point, and in such case we apply Georgia law." *Ferster v. Ferster,* 220 Ga. 319, 322 (138 SE2d 674) (1964); *Collins v. Peacock,* 147 Ga. App. 424, 426 (249 SE2d 142) (1978). "Final judgments are such as at once put an end to the action, by declaring that the plaintiff has either entitled himself, or has not, to recover the remedy he sues for [cit.]." *Cohen & Menko v. Sou. Express Co.,* 53 Ga. 128, 134 (1874).

In the Florida action there were nine defendants — appellees in the case at bar and six others. The judgment is styled "Final

Judgment" and paragraph two thereof specifically orders that appellant "shall have, receive and recover" from appellees and the other defendants, "jointly and severally" the principal sum of $200,000 and for that sum "let execution issue." The only reservation by the court in that paragraph is to limit the liability of the other six defendants to $33,334 each and to retain jurisdiction to consider whether those six defendants are additionally liable for interest on their individual amounts through date of judgment.

In paragraph four of the judgment, it is ordered that in addition to the amounts appellant is entitled to recover as set forth in paragraph two, the appellant "shall further recover from [appellees only] jointly and severally interest of $25,053.23, costs of $144.00 and attorneys' fees of $2,400.00, for a total additional sum due the [appellant] from said [appellees] of $27,597.23, for which total sum let execution issue." There is no reservation of any description or nature in this paragraph.

However, paragraph six of the judgment purports to reserve jurisdiction of the matter "to enter such further orders as may be appropriate . . . to clarify the amounts due and owing from various defendants upon the recovery by [appellant] of amounts due under this final judgment." The language of paragraph six must be read and interpreted in light of the entire judgment and as stated in *Dyal v. Dyal,* 65 Ga. App. 359, 365 (16 SE2d 53) (1941): "While a foreign decree may not be altered or modified by the courts of this State, it may be interpreted and effect given to its legal intendment by a court of this State in which an action is brought to enforce such decree."

The obvious intent of the Florida court was that an enforceable and final judgment be granted against the appellees and in favor of appellant. We construe paragraph six of the judgment to retain jurisdiction to consider those issues specifically reserved in the preceding paragraphs thereof, none of which affect appellees, and to enable it to conduct certain "housecleaning" functions such as the the one mentioned in paragraph six. The Florida court rendered judgment against appellees "jointly and severally" in the amount of $227,597.23 and ordered that "execution issue" for such sum. The judgment is conclusive between the parties to the extent that it grants recovery of a sum of money. We hold that such a judgment is final, for full faith and credit purposes, even though the foreign court may retain jurisdiction for certain limited matters not relevant to the parties' ultimate liability for the afforded relief or to issues before the Georgia court.

We now consider the question of whether appellant was entitled to the grant of summary judgment on count two of its complaint as a matter of law. Relying upon the decision in *Flagship Bldrs., Inc. v.*

*Sentinel Star Co.,* 143 Ga. App. 624 (239 SE2d 235) (1977), appellant contends it is entitled to immediate domestication and enforcement of the Florida judgment in the amount sought in its complaint because appellees have not alleged that the judgment was obtained through fraud or mistake. *Flagship* holds that a judgment rendered by a court of competent jurisdiction of a sister state, properly authenticated, is conclusive on the merits in the courts of this state when made the basis of action and the merits cannot be reinvestigated—i.e., such a judgment is not subject to collateral attack. In the instant case, the Florida judgment was properly authenticated and introduced into evidence, appellees have admitted the fact of judgment and have not attacked the judgment on jurisdictional grounds or alleged that it was obtained through fraud or mistake, and the validity and finality of the judgment has been established. Under these circumstances we hold that the trial court erred in failing to grant summary judgment to appellant to the extent of recognizing and domesticating the Florida judgment in Georgia. *Loyd v. Loyd,* 131 Ga. App. 547 (206 SE2d 548) (1974); *Shackelford v. Central Bank,* 148 Ga. App. 494 (251 SE2d 569) (1978).

However, domestication in this state of a foreign judgment is a separate issue from the extent to which enforcement of that domesticable judgment will be authorized. Payment is a complete defense to enforcement of a foreign judgment entitled to full faith and credit and domestication in this state and the defendant may plead partial satisfaction or any other affirmative defense to the enforcement sought in an action on the domesticable judgment. *Dyal,* 65 Ga. App. at 365, supra. See also *Sharman v. Morton,* 31 Ga. 34 (1860). In the case at bar, appellees pleaded affirmative defenses which arose after the rendition of the Florida judgment and, in addition, appellees contested the amount remaining unpaid on the Florida judgment. Accordingly, appellant's reliance on *Flagship* for the proposition that it was entitled to immediate *enforcement* of its domesticable foreign judgment against appellees to the full extent such enforcement was sought in count two of its complaint is misplaced. *Flagship* does not purport to limit to "fraud and mistake" the defenses to the *enforceability* of a foreign judgment otherwise entitled to full faith and credit recognition in this state. Here, defenses are raised which put into issue the extent of the enforceability of the judgment. In order to demonstrate immediate entitlement to that degree of enforceability being sought, the holder of the judgment, as movant for summary judgment, must pierce the defenses raised to its enforceability. Here, appellant has demonstrated that its Florida judgment is entitled to full faith and

credit and domestication in Georgia and summary judgment should have been granted to it on this issue. However, the question of whether appellant was further entitled to summary judgment so as to authorize immediate enforcement of the judgment must be resolved by determining whether appellees' defenses to that right of enforcement were pierced. *Dyal,* supra.

Appellant urges that the trial court erred in finding that there existed a genuine issue of fact with regard to the amount of money presently due and owing on the Florida judgment. The burden of showing the non-existence of a genuine issue of material fact as to this defense rested on appellant as movant even though the burden of proof on this issue at trial would be on appellees. *Price v. B-Line Systems, Inc.,* 129 Ga. App. 34 (198 SE2d 328) (1973). Appellant's affidavit attests that $64,187.32 is due and owing on the judgment. In opposition, the affidavit of Mr. Scales contains a sworn denial that $64,187.32 is owed on the Florida judgment and the affidavit of Mr. Adams states that he has made payments on the judgment after the dates referred to in the complaint and the evidence proffered by appellant. It is well settled that the movant's papers should be carefully scrutinized, while the opposing party's affidavits are treated with considerable indulgence. See *Federal Ins. Co. v. Oakwood Steel Co.,* 126 Ga. App. 479, 480 (191 SE2d 298) (1972); *Sanfrantello v. Sears, Roebuck & Co.,* 118 Ga. App. 205, 206 (163 SE2d 256) (1968). While the proof offered by appellees might not be sufficient on the trial of the case to defeat appellant's claim for the degree of enforcement of the judgment it seeks, for summary judgment purposes, it was sufficient to create an issue of fact as to the amount presently due under the Florida judgment. *Bob's Dairy Bar &c. Inc. v. I. D. S. Leasing Corp.,* 135 Ga. App. 227, 229 (217 SE2d 462) (1975). It was, therefore, not error to deny appellant summary judgment for the amount claimed by appellant in count two of its complaint.

As to the question of whether appellant pierced appellees' affirmative defenses of accord and satisfaction, payment and release, "[o]n motion for summary judgment by a plaintiff, the burden [is] upon the plaintiff to produce evidence of the necessary certitude, that is, that demand[s] a finding as a matter of law, that the defenses so pleaded [are] untrue." *Hurston v. Dealers Service Plan, Inc.,* 141 Ga. App. 148 (232 SE2d 641) (1977). " 'Until the moving party produces evidence or materials which prima facie pierce the pleadings of the opposing party, no duty rests upon the opposing party to produce any counter evidence or materials in affirmative support of its side of the issue as made by the pleadings.' [Cit.] 'Respondent may resist by doing nothing, relying on the failure of the

movant to remove all issues of fact from the case . . .' [Cits.]" *Guthrie v. Monumental Properties,* 141 Ga. App. 21, 22 (232 SE2d 369) (1977); *Price v. B-Line Systems, Inc.,* supra.

The affidavit proffered in support of appellant's motion for summary judgment merely states that a certain sum is due and owing on the Florida judgment. This is not sufficient to adequately pierce the affirmative defenses raised by appellees. See Davis & Shulman's Georgia Practice and Procedure, § 9-9, (4th Ed.). Giving appellees the benefit of all favorable inferences and construing the evidence most favorably toward appellees, we conclude that appellant failed to produce evidence which conclusively eliminated all material issues in the case and which demanded as a matter of law that appellees' affirmative defenses were without merit. *Lewis v. C. & S. Nat. Bank,* 139 Ga. App. 855, 861 (229 SE2d 765) (1976). Accordingly, the trial court did not err in finding that appellees' affirmative defenses had not been pierced.

Thus, genuine issues of material fact remain as to the amount presently owed on the Florida judgment and the viability of appellees' affirmative defenses arising subsequent to the entry of the judgment. However, for the reasons stated above, the trial court is directed to enter in favor of appellant partial summary judgment domesticating in Georgia the Florida judgment and establishing conclusively its validity as of the date of its rendition. It follows that further proceedings will be limited to inquiry into the degree of enforceability to which appellant is entitled under its foreign judgment—an issue which involves questions of fact concerning the parties' relevant conduct and activities occurring after the date the domesticated foreign judgment was entered.

*Judgment reversed in part and affirmed in part. Quillian, P. J., and Shulman, J., concur.*

Argued April 9, 1980 — Decided June 26, 1980.

*Christopher Glenn Sawyer,* for appellant.
*Wade K. Copeland, Edgar S. Mangiafico,* for appellees.