## 61544. BULLARD v. EWING et al.

QUILLIAN, Chief Judge.

The plaintiff brought a complaint in three counts against the defendants Allstate Insurance Company, Edward Darnell, and H. A. Ewing, d/b/a Ewing & Son Construction Company. The first count set out the defendant Allstate insured the plaintiff's home against loss by fire; that the policy contained a provision that the defendant Allstate retained the option to repair, rebuild or replace property destroyed or damaged by fire in lieu of making a payment to the plaintiff to compensate for damage or destruction to the plaintiff's property; that a fire occurred at the plaintiff's residence which caused extensive damage to the structure and contents thereof; that pursuant to the terms of the policy the plaintiff notified the defendant Allstate of the loss and damage to her home; that the defendant Darnell, after inspection of the plaintiff's home, elected to exercise defendant Allstate's option to repair the property and contracted with the defendant Ewing for the performance of that work; that the defendant Ewing failed to exercise diligence in performing the repairs and performed them in a negligent, unworkmanlike manner and since December 7, 1978, has failed and refused to complete the work in compliance with the terms of the contract.

Count two of the complaint contained many of the same allegations as count one and in addition thereto alleged as follows: that the plaintiff complained about the slowness and unworkmanlike quality of defendant's work to both defendant Ewing and defendant Darnell who refused to take steps to remedy the problems complained of and conspired together for the purpose of preventing plaintiff from obtaining satisfactory and expeditious repairs to her house; that on December 7, 1978 the defendant Ewing in the presence of defendant Darnell addressed plaintiff's husband in a vile and opprobrious manner and assaulted him without cause or provocation; that when defendant Ewing ceased repairs on December 7, 1978, they were left two-thirds completed and the work performed

was so defective as to require extensive remedial and corrective repair work; that both defendants Darnell and Ewing wilfully misrepresented to plaintiff that defendant Ewing was qualified and capable of performing the repairs to plaintiff's home and that the repairs would be completed in a timely manner; that the defendants Ewing and Darnell knew or should have known that the representations were false and that Ewing was neither qualified nor capable of performing the repairs and that the defendant had no intention of completing the repairs in the time stated.

The third count of the complaint is not germane to the issues of this appeal. The defendants answered and denied the material allegations of the plaintiff's petition. The defendant Ewing also filed a counterclaim seeking to recover damages for breach of contract as against the plaintiff.

We granted plaintiff's application for interlocutory appeal in order to consider the correctness of the trial judge's ruling in refusing to compel the defendant Ewing to answer three questions propounded by the plaintiff by written interrogatory.

During discovery process, the plaintiff posed the following interrogatories which are the subject of this appeal.

"2.

State the name, address and telephone number of every individual, corporation, or company for whom you or your company has performed construction or building repair work since January 1, 1975, and state the dates your work commenced and ended with respect to each such individual or other entity . . .

"4.

Aside from the job which is the subject of this action, have you ever worked on any jobs with which Defendant EDWARD DARNELL was in any way involved, either as an insurance adjuster or otherwise? If so, state:

(a) The date of such job or jobs;

(b) The name, address and telephone number of each property owner, or other person, company or corporation for whom such job was done (i.e., identify the person or other entity with whom you contracted);

(c) Briefly describe the nature of each such job and the nature of EDWARD DARNELL'S involvement.

"5.

Aside from the job which is the subject of this action, have you ever worked on other jobs for which your work was paid in whole or in

part, directly or indirectly, by Allstate Insurance Company as insurer of the repaired or replaced property? If so, state:

(a) The date of such job or jobs;

(b) The name, address and telephone number of each property owner, or other person, company or corporation for whom the work was done (i.e., identify the person or other entity with whom you contracted);

(c) The name, address, home telephone number and business telephone number of each agent, representative or employee of Allstate Insurance Company who adjusted the property damage claim;

(d) Briefly describe the nature of each such job and the nature of Allstate's involvement."

The defendant interposed the following objections to the interrogatories:

"2.

Defendant Ewing objects to this Interrogatory No. 2 on the grounds that it does not seek information relevant to the subject matter involved in the present litigation and seeks information not admissible as evidence and otherwise not reasonably calculated to lead to the discovery of admissible evidence.

Defendant Ewing further objects on the grounds that it is unduly burdensome and oppressive . . .

"4.

Defendant Ewing objects to Interrogatory No. 4 on the grounds that it does not seek information relevant to the subject matter involved in the present litigation and seeks information not admissible as evidence and otherwise not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, Defendant Ewing responds to the first three lines of said Interrogatory in the affirmative, and further shows that he has not kept records which specifically provide the information sought in the three subsections of said Interrogatory No. 4.

"5.

Defendant Ewing objects to Interrogatory No. 5 on the grounds that it does not seek information relevant to the subject matter involved in the present litigation and seeks information not admissible as evidence and otherwise not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving said objection, Defendant Ewing responds to the affirmative to the first four lines of said Interrogatory No. 5 and

further shows that as to four subsections of said Interrogatory, this Defendant has not kept records which would provide specific information requested therein."

When the plaintiff filed a motion to compel answers to her interrogatories, the defendant Ewing filed an affidavit which recited as follows: that since January 1, 1975 he had completed a minimum of 1700 jobs; that he kept the files for these jobs in alphabetical order, that each file is identified with the name of owner of the building and the address but there is no other systematic compiling of any other information in these files; that each file may or may not have a telephone number of the owner; that often each file would not have the name of the adjuster on it; that each file would not necessarily show the insurance company involved; that if the defendant Ewing tried to respond to the interrogatories it would take days if not weeks to go through the files in order to obtain answers and there would be no assurance that the file would contain the information sought. There was also a statement in the affidavit that defendant Ewing considered the information with regard to his customers confidential where it was not relevant to the instant lawsuit. *Held:*

In *Munn v. Munn,* 116 Ga. App. 297, 298 (157 SE2d 77), we set forth two pertinent rules where objections are made to interrogatories: 1) " 'The burden of persuasion is on the objecting party to show that the interrogatories should not be answered.' " 2) "In passing on the objections the trial judge has the discretion as to the disposition he makes, which the appellate court should not disturb absent abuse of such discretion." In that opinion, we also pointed out that a general objection such as a mere statement that interrogatories are irrelevant and immaterial is not sufficient. See 4A Moore's Federal Practice 2nd Ed. § 33.27, pp. 33-151 and 152; *Williamson v. Lunsford,* 119 Ga. App. 240 (5) (166 SE2d 622).

In the case sub judice we note that both parties produced argument and formulated orders for consideration by the trial judge, thus, the specific question as to how the interrogatories were not relevant or material was raised and argued by both sides.

It is clear that question No. 2 was unreasonably broad and too general and the objection thereto was properly sustained by the trial judge.

As to the remaining two questions (Nos. 4 and 5), the defendant Ewing argues the well-recognized principle of law that "in a controversy between two persons regarding a given subject-matter, evidence as to what occurred between one of them and a third person with reference to a similar, though entirely distinct, transaction is irrelevant." *Merchants Nat. Bank v. Greenwood,* 113 Ga. 306 (38 SE 826). The trial judge also found that "what [a contractor such as

defendant Ewing] had done in the past and on other jobs has little bearing on what happened in the transaction in question." *Warren v. Gray,* 90 Ga. App. 398, 400 (83 SE2d 86).

On the other hand, the plaintiff argues that answers to the questions posed might lead to evidence showing that the defendant Ewing and the other defendants had previously performed work together under a similar arrangement such as that with the plaintiff and that there was knowledge that the defendant Ewing was not competent to perform the work and that the parties had acted in concert utilizing a similar scheme to that alleged in the complaint. There is no evidence of this. However, the burden is on the defendant as the party being questioned rather than on the plaintiff as the party asking the question to show that such was not the case. Moreover, "it is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Code Ann. § 81A-126 (b) (1) (CPA § 26 (b) (1), (Ga. L. 1966, pp. 609, 635; 1967, pp. 226, 233; 1972, p. 510.) The discovery procedure is to be given a liberal construction in favor of supplying a party with the facts without reference to whether the facts sought are admissible upon the trial of the action. *Setzers Super Stores v. Higgins,* 104 Ga. App. 116, 120 (121 SE2d 305). The plaintiff argues that the information sought might lead to evidence of a fraudulent scheme on the defendants' part or show their contractual relation. Again, although there is no evidence in this record, defendant Ewing failed to produce anything showing this would not be true.

The grounds given as a basis for denying interrogatories 4 and 5 are erroneous and constituted an abuse of discretion. As stated in *Bridges v. 20th Century Travel,* 149 Ga. App. 837, 838-839 (256 SE2d 102): " 'We are ever mindful of the rule that the extent of discovery and use of protective orders is generally within the discretion of the trial judge. However, this must be a sound and legal discretion based on evidence and a showing of good cause . . . *Such [orders] are intended to be protective — not prohibitive —* and, until such time as the court is satisfied by *substantial evidence* that *bad faith or harassment motivates the* (discoveror's) *action,* the court should not intervene to limit (or prohibit) the scope of pretrial discovery.' " Accord, *International Ser. Ins. Co. v. Bowen,* 130 Ga. App. 140, 144 (202 SE2d 540). We, therefore, reverse and remand for reconsideration of the motion to compel in which the trial judge may consider all additional factors such as whether it would be unduly burdensome for the defendant to compile the information and, thus, whether the file should be made available to the plaintiff to assimilate or compile the information. See Code Ann. § 81A-133 (c) (CPA § 33

(c); Ga. L. 1966, pp. 609, 646; as amended through Ga. L. 1980, p. 938).

Any consideration regarding the imposition of attorney fees is premature at this time.

*Judgment reversed and remanded. McMurray, P. J., and Pope, J., concur.*

DECIDED APRIL 10, 1981.

*Robin K. Warren,* for appellant.
*Leon L. Campbell, Dennis J. Webb,* for appellees.