## 66530. ARMSTRONG v. STRAND et al.

QUILLIAN, Presiding Judge.

This court granted appellant's application for interlocutory appeal from an order entered by the trial court denying his Motion to Compel Discovery. The appellees— plaintiffs below, filed an action to domesticate and enforce a Michigan judgment obtained against the defendant and several other defendants. The judgment was joint and several and appellees have sought to obtain the entire sum from this appellant. Appellant answered the complaint and denied the indebtedness. He filed interrogatories with the appellees requesting, inter alia, information on "all monies which have been paid to you by other defendants . . . all monies you expect to receive from other defendants . . . all agreements or settlements you have entered into with any of the defendants . . . [and] any agreements, either written or verbal you have made with defendant Douglas Harding . . ." The appellees filed objections "to each and every interrogatory" on the basis that they "involve matters which are not relevant to the subject matter involved in the pending action in that they do not relate to the claim or defense of the party . . . and it does not reasonably appear as if the information sought is calculated to lead into the discovery of admissible evidence." Appellant amended his answer to add as defenses — the judgment had been satisfied, appellees had released a joint tortfeasor, and appellees had failed to serve defendant with a Notice of Hearing on Default as required by the Michigan Code. After hearing, the trial court denied the Motion on the basis that the questions "are not relevant to the subject matter involved in the pending action and do not appear reasonably calculated to lead to the discovery of admissible evidence."

" ' "We are ever mindful of the rule that the extent of discovery and use of protective orders is generally within the discretion of the trial judge. However, this must be a sound and legal discretion based

on evidence and a showing of good cause . . . *Such (orders) are intended to be protective — not prohibitive —* and, until such time as the court is satisfied by *substantial evidence* that *bad faith or harassment motivates the* (discoverer's) *action,* the [trial] court should not intervene to limit (or prohibit) the scope of pretrial discovery." ' " *Bullard v. Ewing,* 158 Ga. App. 287, 291 (279 SE2d 737). "The discovery procedure is to be given a liberal construction in favor of supplying a party with the facts without reference to whether the facts sought are admissible upon the trial of the action." Id. at 291. The scope of discovery under Rule 33 (OCGA § 9-11-33 (Code Ann. § 81A-133)) is as broad as the scope of examination under Rule 26 (b) (OCGA § 9-11-26 (b) (Code Ann. § 81A-126)). 4A Moore's Fed. Practice 33-64, § 33.10. OCGA § 9-11-26 (b)(1) (Code Ann. § 81A-126) provides in pertinent part that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party . . ." The matter sought to be discovered was whether or not the plaintiff's judgment against the defendant had been paid, in part or in whole, or if one of the tortfeasors had been released, or if one of the defendants had concluded an agreement to pay the judgment in whole or in part. We find such matter to be relevant to execution of any foreign judgment attempted to be domesticated in this state.

Our appellate courts have followed the rule that under the Full Faith and Credit Clause of the Constitution, we must recognize the final and unmodifiable judgments of our sister states. *Williamson v. Williamson,* 247 Ga. 260, 262 (275 SE2d 42); U. S. cert. den. 454 U. S. 1097. However, we only "permit suits for amounts due and unpaid thereunder up until the time of suit." Id. "The foreign judgment [is] conclusive as to all matters which were decided or could have been decided at the time of the obtaining of the foreign judgment." *Flagship Bldrs. v. Sentinel Star Co.,* 143 Ga. App. 624, 626 (239 SE2d 235). However, the issues raised by appellant's defenses all occurred after the foreign judgment was obtained.

Of course, there is a distinction to be made between the domestication of a foreign judgment and the execution of a foreign judgment. *Sun First Nat. Bank v. Gainesville 75, Ltd.,* 155 Ga. App. 70, 73 (270 SE2d 293). Thus, although a foreign judgment may be entitled to full faith and credit, "[t]he plea and answer of the defendant may deny the existence of the judgment sued on, or the plaintiff's right to sue on it . . . or may allege payment and satisfaction. The defendent, in a suit on a [foreign judgment] may plea partial satisfaction thereof. Payment is a complete defense to an action on a

judgment. Also, in those jurisdictions permitting equitable defenses to be set up in an action at law, a suit on a judgment may be defeated by proof of any fact going to show that it would be against good conscience to allow a recovery on the judgment. [Cit.] In a suit on a foreign judgment the defendant is entitled to plead payments made since the rendition of the judgment as a counter-claim." *Dyal v. Dyal,* 65 Ga. App. 359, 364-365 (16 SE2d 53). As a general rule, a defendant may — in a suit on a foreign judgment, plead "any special matter in avoidance of the judgment . . ." *Sharman v. Morton,* 31 Ga. 34 (3). Hence, as discovery rules are to be given a liberal construction, and discharge or payment of the judgment is a defense to execution of a foreign judgment, we find that the trial court abused its discretion in denying appellant discovery reasonably calculated to lead to evidence concerning a pleaded defense.

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 6, 1983.

*Sherry B. Armstrong,* for appellant.
*Gale W. Mull,* for appellees.