## 69466. OSBORNE v. BANK OF DELIGHT.

(326 SE2d 523)

BANKE, Chief Judge.

This is an appeal by the defendant from a summary judgment in favor of the plaintiff bank in a suit to domesticate an Arkansas judgment.

The bank brought the Arkansas action to collect a loan indebtedness evidenced by several promissory notes and secured by real property. The Arkansas court ruled that the "total of principal and inter-

est" due and owing on the notes was $59,698.28. In addition, it awarded the bank compensation for real estate taxes and insurance premiums paid with reference to the property securing the indebtedness, bringing the total principal amount of the recovery to $62,745.86. Finally, the court awarded interest at the rate of 10 percent per annum from the date of the judgment, plus attorney fees in the amount of $2,969.82.

In its complaint to domesticate the judgment, the bank asserted that as a result of foreclosure and execution proceedings, it had been able "to generate funds which were applied against the decree," which, with allowances for court costs incurred in such proceedings and interest accrued on the judgment, brought the balance due and owing to $25,125.98. In his answer, the defendant asserted, among other things, that the obligation was usurious, that the bank had sought and obtained interest on interest, and that it had "failed to dispose of the collateral in a commercially reasonable manner."

The defendant's contentions on appeal are (1) that the judgment violates the requirement of OCGA § 9-12-10 that "[n]o part of the judgment shall bear interest except the principal which is due on the original debt," and (2) that the trial court erred in granting the bank's motion for a protective order prohibiting him from deposing the bank's vice-president with regard to the contents of an affidavit submitted by the latter in support of the bank's motion for summary judgment, specifying the amount and source of the funds which had been collected and credited against the judgment. *Held*:

1. "Under the full faith and credit clause of the United States Constitution, . . . a judgment of a foreign court will be enforced by the courts of this state unless it is shown that the foreign court lacked jurisdiction of the person or subject matter or that the judgment was procured by fraud." *Dropkin v. Dropkin*, 237 Ga. 768, 770-771 (229 SE2d 621) (1976). The contention that the Arkansas judgment contains an impermissible award of interest on interest raises no issue of jurisdiction or fraud but goes instead to the merits of the award. Consequently, it cannot serve as the basis for a collateral attack on the judgment.

2. It does not follow, however, that the defendant was prohibited from obtaining discovery concerning the amounts which had previously been collected on the judgment and applied against it. "[D]omestication in this state of a foreign judgment is a separate issue from the extent to which enforcement of that domesticable judgment will be authorized. Payment is a complete defense to enforcement of a foreign judgment entitled to full faith and credit and domestication in this state and the defendant may plead partial satisfaction or any other affirmative defense to the enforcement sought in an action on the domesticable judgment. (Cits.)" *Sun First Nat. Bank*

*of Orlando v. Gainesville 75, Ltd.*, 155 Ga. App. 70, 73 (270 SE2d 293) (1980). See also *Armstrong v. Strand*, 167 Ga. App. 723, 724-725 (307 SE2d 528) (1983).

While it is true that the defendant has offered no evidentiary basis for his belief that the amount which the bank credited against the judgment debt may be less than that to which he is entitled, and while we recognize that a potential for harassment may arise from the fact that the agent sought to be deposed resides in Arkansas, this potential may be minimized by the imposition of lesser restrictions than the complete foreclosure of the requested discovery. "We are ever mindful of the rule that the extent of discovery and use of protective orders is generally within the discretion of the trial judge. However, this must be a sound and legal discretion based on evidence and a showing of good cause. Protective orders 'should not be entered when the effect is to frustrate and prevent legitimate discovery.' . . . '*Such are intended to be protective — not prohibitive —* and, until such time as the court is satisfied by *substantial evidence* that *bad faith or harassment motivates the [discoverer's] action*, the court should not intervene to limit [or prohibit] the scope of pre-trial discovery.' (Emphasis supplied.) *Travis* [*Meat & Seafood Co. v. Ashworth*, 127 Ga. App. 284, 288 (193 SE2d 166) (1972)]." *Intl. Service Ins. Co. v. Bowen*, 130 Ga. App. 140, 144 (202 SE2d 540) (1973). See also *Bridges v. 20th Century Travel*, 149 Ga. App. 837 (256 SE2d 102) (1979); *Bullard v. Ewing*, 158 Ga. App. 287, 291 (279 SE2d 737) (1981).

The trial court is authorized pursuant to OCGA §§ 9-11-26 (c) and 30 (d) to control the details of time, place, scope and financing for the protection of the deponents and parties, and it is only in rare cases, based on good cause shown, that the trial court may refuse a deposition altogether. See *Bicknell v. CBT Factors Corp.*, 171 Ga. App. 897 (321 SE2d 383) (1984), wherein it was held that in view of the relatively small amount of the out-of-state plaintiff's monetary claim, the trial court was justified in ordering the Georgia defendants either to depose the plaintiff's agent in the plaintiff's state of residence or pay the agent's expenses in coming to Georgia to be deposed. See also *Global Van Lines v. Daniel Moving & Storage*, 159 Ga. App. 124 (2) (283 SE2d 56) (1981). Because the plaintiff in the present case offered no evidence in support of its contention that the requested discovery was sought solely for harassment purposes, and because lesser restrictions than complete disallowance were available to prevent the requested discovery from being unduly burdensome, we hold that the trial court erred in disallowing the discovery altogether rather than employing such a lesser restriction.

*Judgment affirmed in part and reversed in part. Pope and Benham, JJ., concur.*

DECIDED JANUARY 18, 1985.

*Joseph R. Baker*, for appellant.
*Jeffrey W. Kelley, Francis C. Schenck*, for appellee.