76673. DELOITTE HASKINS & SELLS v. GREEN.
(370 SE2d 194)

CARLEY, Judge.
Appellee-plaintiff filed suit, alleging that he had been afforded negligent tax advice by certain employees of appellant-defendant. As a part of his discovery effort, appellee sought to obtain the personnel records and any evaluations made by appellant of those of its employees who had been involved in providing the allegedly negligent tax advice. When appellant would not make this material available for discovery, appellee moved the trial court for the entry of an order compelling its production. The trial court conducted a hearing and, upon finding that the matter was discoverable, it granted appellee's motion to compel. The trial court's order did, however, impose upon appellee certain limitations which were calculated to protect the privacy of appellant's employees whose personnel records and evaluations were at issue. The trial court having also certified its order for immediate review, appellant applied to this court for an interlocutory appeal.

The courts of this State have long recognized " 'the overriding policy of liberally construing the application of the discovery law. To hold otherwise would be to give every litigant an effective veto of his adversaries' attempts at discovery.' " *Bridges v. 20th Century Travel,*

149 Ga. App. 837, 838 (256 SE2d 102) (1979). The scope of permissible discovery is not, however, unlimited. OCGA § 9-11-26 (b) (1) provides that, as a general proposition, "[p]arties may obtain discovery regarding any matter, *not privileged,* which is *relevant to the subject matter involved in the pending action. . . .* It is not ground for objection that the information sought will be inadmissible at the trial *if* the information sought appears reasonably calculated to lead to the discovery of admissible evidence. . . ." (Emphasis supplied.) With the exception of the discoverability of the proceedings and records of a medical review committee (see OCGA § 31-7-143), the issue of the discoverability of the internally generated personnel records and evaluations made by an employer of his allegedly negligent employees has not previously been addressed by the appellate courts of this State. It is that issue which is raised in the case at bar and it is that issue which prompted our grant of appellant's application for an interlocutory appeal from the trial court's discovery order.

1. The first question to be answered is whether the materials sought to be discovered by appellee constitute privileged matter.

Clearly, the discoverability of the materials being sought by appellee must be balanced against the competing interests that appellant and its affected employees have in the maintenance of the confidentiality and privacy of the internally generated personnel records and evaluations. " 'Certainly the competing interest in an individual's right to privacy must be accommodated in the discovery process. Otherwise, the discovery process would become a device for the unscrupulous litigant to squeeze concessions from the opposing side in cases where such concessions were totally unwarranted. This sort of abuse simply cannot be tolerated in an ordered system of justice.' [Cit.]" *E. H. Siler Realty &c. Inc. v. Sanderlin,* 158 Ga. App. 796, 797 (1) (282 SE2d 381) (1981).

It is, however, also equally clear that, under existing Georgia authority, the asserted need to protect the privacy of the internally generated personnel records and evaluations of allegedly negligent employees is not sufficient to render the material privileged from discovery as a matter of law. The freedom from discoverability that is presently afforded to the internally generated proceedings and records of a medical review committee does not exist as the result of a judicial recognition of a privacy privilege which is assertable at the election of the affected party. It is a privilege which exists solely as the result of specific legislation. OCGA § 31-7-143, as properly construed, reflects the legislative creation of a *narrow exception to* the general rule of broad discovery recognized in this state, rather than the legislative recognition of a *broad privilege against* the discovery of any and all employee personnel records and evaluations. OCGA § 31-7-143 "is in derogation of the general policy in favor of the discov-

ery and admissibility of probative evidence. [Cits.] 'Evidentiary privileges operate to exclude relevant information from the factfinder and thus are not favored.' [Cit.] 'Whatever their origins, these exceptions to the demand for every man's evidence are not lightly created nor expansively construed, for they are in derogation of the search for truth.' [Cits.]" *Hollowell v. Jove*, 247 Ga. 678, 681 (279 SE2d 430) (1981). Thus, implicit in the very enactment of OCGA § 31-7-143 are two legislative determinations. The first is that such internally generated material concerning employees, as that which appellee seeks from appellant, "would otherwise be available" to a litigant seeking to exercise his right to engage in broad discovery. The second is that such material cannot be discovered by one who is a party to a medical malpractice action. Thus, the statute serves to bar access to otherwise discoverable material *by some parties*. It does not serve to protect *all parties from* the obligation to make certain material available for discovery.

There is no viable basis for asserting that the privilege created by OCGA § 31-7-143 can or should be judicially extended to the internally generated personnel records and evaluations of those who have allegedly given negligent tax advice. It is a general principle of law that " '[c]ommunications between principal and agent are not privileged.' [Cit.]" *Atlantic Coast Line R. Co. v. Daughterty*, 111 Ga. App. 144, 150 (1) (141 SE2d 112) (1965). OCGA § 31-7-143 is narrowly drawn so as to afford a privilege only to a certain form of principal-agent communication which takes place in a medical setting. "It cannot be said that the separate classification of medical malpractice actions is arbitrary or unreasonable. . . . '. . . [T]he separate classification of medical malpractice actions is a rational exercise of the legislative power. [Cit.]' [Cits.]" *Eubanks v. Ferrier*, 245 Ga. 763, 766 (4) (267 SE2d 230) (1980).

Accordingly, we hold that, notwithstanding appellant's claim of a privilege of privacy and confidentiality, it has no blanket right to refuse to allow appellee to engage in discovery as to the internally generated personnel records and evaluations of its allegedly negligent employees. The extent to which appellee is obligated to protect the privacy of the information contained in the material was comprehensively addressed in the trial court's order. The privacy to be afforded to the material does not, however, extend so far as to preclude appellee's access to it and, as against appellant's contentions to the contrary, there was no error in granting appellee's motion to compel. See generally *Reece v. Selmonosky*, 179 Ga. App. 718 (2) (347 SE2d 649) (1986).

2. Appellant further urges that the material is not relevant to the pending action against it. However, it is clear that, for purposes of discovery, the determination of relevancy is not to be based upon con-

siderations of the potential admissibility at trial of the material which is being sought. " 'The discovery procedure is to be given a liberal construction in favor of supplying a party with the facts without reference to whether the facts sought are admissible upon the trial of the action.' [Cit.]" *Armstrong v. Strand*, 167 Ga. App. 723, 724 (307 SE2d 528) (1983). Accordingly, with regard to the relevancy of the materials being sought by appellee, the burden was upon appellant to show more than that the materials would not themselves be admissible at trial. The burden was on appellee to show that the discovery of those materials was not in some way reasonably calculated to lead to the potential discovery of admissible evidence. See *Bullard v. Ewing*, 158 Ga. App. 287, 291 (279 SE2d 737) (1981).

In this state, the determination of the permissible extent of discovery and use of protective orders to insure that a party's discovery efforts are kept within that permissible ambit are matters which are generally addressed to the discretion of the trial judge. " 'However, this must be a sound and legal discretion based on evidence and a showing of good cause. Protective orders "should not be entered when the effect is to frustrate and prevent legitimate discovery." [Cit.]. . . . ' "It is contemplated that the trial judge will exercise a sound and legal discretion in the grant or denial of protective orders. Such are intended to be protective — not prohibitive — and, until such time as the court is satisfied by substantial evidence that bad faith or harassment motivates the (discoveror's) action, the court should not intervene to limit (or prohibit) the scope of pretrial discovery." [Cit.]' [Cit.]' " (Emphasis omitted.) *Bridges v. 20th Century Travel*, supra at 838-839. We find no abuse of discretion in the trial court's determination that the relevancy of the material being sought from appellant by way of discovery did not warrant its intervention so as to prohibit appellee's access to it. Accordingly, as against any contentions of irrelevancy, the trial court did not err in granting appellee's motion to compel the discovery of the internally generated personnel records and evaluations of appellant's allegedly negligent employees.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED MAY 20, 1988 —
REHEARING DENIED JUNE 2, 1988 — 

*John A. Chandler, Elizabeth V. Tanis*, for appellant.
*Charles M. Kidd, David N. Schaeffer*, for appellee.