## A90A0325. ECONOMOU v. ECONOMOU.
(395 SE2d 830)

BIRDSONG, Judge.

Appellant Stavros P. Economou appeals from the grant of summary judgment to appellee Dea Economou in her action to domesticate the judgment of a California court in their divorce proceeding. *Held*:

1. The record shows that the parties were residents of California, subject personally to the jurisdiction of the California court, and that the court had jurisdiction over the subject matter of their divorce. When suit is brought in this state to domesticate a foreign judgment, it is well settled that the judgment may be attacked only if the foreign court lacked jurisdiction over the person of the defendant or of the subject matter of the action, or if the judgment was procured by fraud. *Osborne v. Bank of Delight*, 173 Ga. App. 322, 323 (326 SE2d 523); *Paris v. Cooper*, 158 Ga. App. 212 (279 SE2d 507). As the record demonstrates that no such objections are warranted, the appellant has evaded those grounds, and in both the trial court and this court has urged a number of other arguments, most of which lack even surface persuasiveness. This conduct is consistent with the defensive tactics which the appellant pursued in the California courts and the lower courts of this state throughout this action. The record shows the California court made specific findings that the appellant defrauded appellee, misappropriated community assets and with those misappropriated assets obtained his Georgia property, absconded to a foreign country to avoid the jurisdiction of that court, and engaged in tactics designed to frustrate the court in the exercise of its jurisdiction.

2. Appellant's first enumeration of error contends that personal jurisdiction was required to domesticate the California judgment. The record of this appeal shows plainly that this is an in rem action against appellant's property in this state. Accordingly, personal juris-

diction is not required. *Williamson v. Williamson*, 247 Ga. 260, 263 (275 SE2d 42).

3. The second enumeration alleges that the trial court erred in denying appellant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted. OCGA § 9-11-12 (b) (6). The basis for this argument is that the complaint filed in the court of this state asked that the appellee be awarded the "sum of $3,762,314.77, in addition to one-half of all of defendant's property which may be found in the State of Georgia," while the California judgment purportedly provided only that "the parties have a present and equal interest in real and personal property in Georgia." Appellant argues, therefore, that relief cannot be granted on the complaint because it is not supported by the California judgment. This argument is without merit. Other portions of the California judgment, not quoted by appellant, award the relief requested. Moreover, even if the appellant was correct, such a discrepancy would not entitle him to a dismissal because the complaint failed to state a claim upon which relief may be granted. See *Wehunt v. ITT Bus. Comm. Corp.*, 183 Ga. App. 560, 561 (359 SE2d 383).

4. Appellant also asserts that the trial court erred by granting appellee's motion for summary judgment because the California judgment was too vague and uncertain to be given full faith and credit. We have examined the judgment in light of appellant's arguments and do not find the uncertainty which appellant asserts. The judgment clearly finds that appellee is entitled to recover from appellant, gives appellant credit for certain transfers, and then awards appellee a specific money judgment and recognizes an interest in property located in this state. Accordingly, the judgment is neither vague nor uncertain, and this enumeration is without merit.

5. Appellant also argues that the trial court erred because it awarded appellee greater relief than that given in the California judgment. This argument is based upon the contention that the California judgment awarded appellee an interest in only certain designated properties in this state, while the trial court's judgment awarded appellee a one-half interest in all of appellant's property in this state. Appellant's argument, however, does not describe accurately the California judgment which, although listing certain specific property, expressly stated that its effect was not limited thereto. Since there was no showing that there are any actual differences between the two judgments, we find this argument to be without merit. An appellant must show harm as well as error to gain a reversal. *Kolman, Inc. v. Burns*, 191 Ga. App. 758, 759 (382 SE2d 702). Moreover, we note that the California judgment was based upon the community property laws of that state, and appellant's fraud in removing certain community property assets from California and converting them to his indi-

vidual property in this state. Accordingly, the judgment would properly apply to all such property which can be located in this state, and the appellant has not so much as alleged on appeal that he owned separate property in this state which should not be subject to the California judgment.

6. Appellant contends that the trial court erred by granting summary judgment to appellee because the California court was without jurisdiction to adjudicate the appellee's interest in the appellant's real property in Georgia. This contention is based on *King v. King*, 203 Ga. 811 (48 SE2d 465), which holds that a foreign court may not adjudicate and vest title to Georgia real property. Although this may be an accurate statement of the law generally, it has no application to this case. Examining the California judgment on its four corners, we do not construe it as an attempt to change the title to the Georgia real property directly. Rather, the California court, as it was authorized to do, applied California community property law to determine whether appellee had an interest in the appellant's real and personal property in Georgia, which he attempted to obtain as separate property by the unauthorized conversion of community property. See *Wallack v. Wallack*, 211 Ga. 745, 747 (88 SE2d 154). Although the trial court determined that the appellee was entitled to a one-half interest in the appellant's real property, it is through the domestication of the California judgment that title will vest in appellee. See *Chidsey v. Brookes*, 130 Ga. 218, 220 (60 SE 529); OCGA § 53-3-47.

The result urged by appellant would mean that all divorce actions involving real property in another state as a marital asset must be filed in every state in which a spouse owned real property, that the parties' divorce and disposition of the marital property would be subject to the laws of states of which they were not residents, and that the party seeking the division of the marital property would be forced to obtain personal jurisdiction over the other party in each state in which there was real property. Not only would such a process result in the expenditure of unnecessary time and expense, but such a procedure would favor parties who have absconded to avoid the reach of the law. Moreover, such a procedure, at a minimum, would run contrary to the spirit of the "full faith and credit" clause of the Constitution of the United States.

7. Appellant argues that the trial court erred in granting appellee summary judgment because he contends that the judgment has been partially satisfied. This argument is based upon the California judgment directing that certain sums under the control of a court-appointed receiver be paid to appellee. We note, however, the judgment expressly acknowledged that such payments had been paid and that the amounts claimed in this state are for the remainder of the amounts awarded by the California judgment. Additionally, this argu-

ment, in any event, would not require that summary judgment on liability be denied. See *Sun First Nat. Bank v. Gainesville 75 Ltd.*, 155 Ga. App. 70, 73 (270 SE2d 293).

8. Although appellant asserts that the trial court erred by granting judgment to appellee because the California judgment fails to describe adequately the Georgia real property in question, examination of the record shows that the judgment describes the real property sufficiently. Not only were certain properties described, but the California judgment also applied to "all" such property. Therefore, this enumeration of error is also without merit.

9. Appellant's eighth and ninth enumerations assert that the California judgment cannot be enforced in Georgia because the judgment does not specifically describe the property concerned or because the judgment is too uncertain and vague to be enforced. These arguments are but versions of other arguments considered and rejected elsewhere in this opinion. In the main, they are supported mainly by tortured logic and deliberate efforts to make complicated what is not. Accordingly, these enumerations are also without merit.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

Decided June 12, 1990 —
REHEARING DENIED JULY 3, 1990 — CERT. APPLIED FOR.

*Steering & Seidenberg, Jerry L. Steering*, for appellant.
*Long, Weinberg, Ansley & Wheeler, Joseph W. Watkins, Ronald R. Coleman, Jr.*, for appellee.