**SECOND DIVISION**
**MILLER, P. J.,**
**DOYLE, P. J., and REESE, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**January 30, 2018**

# In the Court of Appeals of Georgia

A17A1497. WELLSTAR KENNESTONE HOSPITAL v. ROMAN.

REESE, Judge.

Autumn McKinney sued Mario Roman for injuries McKinney allegedly sustained from an automobile collision caused by Roman. Roman served WellStar Kennestone Hospital with a Notice of Deposition of Non-Party,[1] directing in part that WellStar designate an officer or employee to testify regarding the rates it charged seven categories of patients for the services it had provided to McKinney on the date of the collision. WellStar appeals from the denial of its motion to modify the subpoena to exclude any questioning regarding how much the hospital was willing to "write off" its bills.[2] For the reasons set forth, infra, we affirm.

---

[1] See OCGA § 9-11-30 (b) (6); see also OCGA § 9-11-45.

[2] See OCGA § 24-13-23 (b) (1); see also OCGA § 9-11-45 (a) (2).

In the underlying complaint, McKinney alleged that, as the result of Roman's negligence, she incurred medical expenses, including $15,919 with WellStar, where she was treated in the emergency room on the day of the collision. Roman sought to depose WellStar regarding its "rates or charges for those services . . . if provided to uninsured patients; to insured patients; to patients under workers compensation plans; to patients under Medicare or Medicaid plans; and to litigant and non-litigant patients[.]"

WellStar filed a motion to modify on the grounds that such questioning was "not reasonably calculated to lead to the discovery of admissible evidence[.]"[3] Specifically, WellStar argued that the money a hospital wrote off a patient's bill was a collateral source and was therefore inadmissible to mitigate a tortfeasor's damages.

Roman responded that he sought this information to support his contention that $15,919 was not a reasonable charge for the services rendered. Roman believed that the amount WellStar "charged" to McKinney, whom Roman believed did not have health insurance at the time of the collision, exceeded what WellStar typically

_____

[3] WellStar argued further that such questioning invasively sought its proprietary information. WellStar has apparently abandoned this argument, because it is not raised on appeal.

expected to be paid for the same services by insured individuals by approximately $13,125.

The trial court found that the evidence sought by Roman was not barred by the collateral source rule:

> [The] collateral source rule bars defendants from presenting evidence that the *claimant* has received payment from a third party. Thus, [Roman] would be precluded from introducing evidence of WellStar's write-off of *Plaintiff's* medical treatment.[4] However, the Court finds no authority in Georgia law to support Non-Party WellStar's contention that the collateral source rule bars the discovery of the medical rates and charges of third parties that are not involved in this case.[5]

The court thus denied WellStar's motion to modify subpoena, but further ordered that:

> while the Defendant may make arguments and offer opinions at trial on the reasonableness of Plaintiff's medical fees, Defendant[ ] may not present evidence regarding the existence of insurance or insurance payments that may have been received by Plaintiff as a result of her alleged injuries. Nor may evidence of the fees charged by non-Party WellStar to other persons (or write-offs associated with these charges) refer to the existence of insurance or insurance benefits.

---

[4] "A hospital's write-off of *plaintiff's* medical expenses must be treated as a collateral source." (Emphasis in original; citation and punctuation omitted.)

[5] (Emphasis in original; citation omitted.)

3

WellStar appeals from this ruling.[6]

"OCGA § 24-13-23 permits subpoenas for the production of evidence, which a trial court may, upon written motion, . . . quash or modify if the subpoena is unreasonable and oppressive[.]"[7] We review a trial court's ruling on such a motion for abuse of discretion.[8] With these guiding principles in mind, we turn now to WellStar's specific claim of error.

WellStar argues that "[t]he trial court erred in finding that the evidence Roman seeks – how much WellStar is willing to write off its hospital bills for different types of patients – is discoverable because it is 'not barred by the collateral source rule.'"

WellStar misstates the trial court's ruling. Although the trial court emphasized that Roman would be precluded from introducing evidence of "WellStar's write-off of *Plaintiff's* medical treatment[,]"[9] it did not state that Roman could introduce

---

[6] The order denying a disinterested non-party's motion to quash or modify a subpoena is directly appealable under the collateral order doctrine. *Hickey v. RREF BB SBL Acquisitions*, 336 Ga. App. 411, 413-414 (1) (785 SE2d 72) (2016).

[7] *In re Whittle*, 339 Ga. App. 83, 86 (1) (793 SE2d 123) (2016) (footnotes omitted).

[8] Id. at 85.

[9] (Emphasis in original.)

4

evidence at trial of the medical rates and charges of third parties. Instead, the trial court stated that it found no authority to support WellStar's contention that the collateral source rule barred *discovery* of the medical rates and charges of third parties. As the trial court implied, WellStar had the burden to show that the discovery of those materials was not in some way reasonably calculated to lead to the potential discovery of admissible evidence.[10]

WellStar argues that Roman cannot use this evidence to attack whether McKinney's hospital bill was "reasonable and necessary," because the issue to be decided by the jury is whether the *treatment* was reasonable and necessary to the injuries resulting from Roman's alleged negligence, and not the reasonableness of the amounts charged for such treatment.[11] WellStar contends that the Supreme Court of

---

[10] See *Deloitte Haskins & Sells v. Green*, 187 Ga. App. 376, 379 (2) (370 SE2d 194) (1988) ("[W]ith regard to the relevancy of the materials being sought . . ., the burden was upon [the party opposing the motion to compel discovery] to show more than that the materials would not themselves be admissible at trial. The burden was on [the party opposing discovery] to show that the discovery of those materials was not in some way reasonably calculated to lead to the potential discovery of admissible evidence.") (citation omitted).

[11] See *Daniel v. Parks*, 200 Ga. App. 710, 712 (4) (409 SE2d 233) (1991).

Georgia's 2015 decision in *Bowden v. The Medical Center*[12] did not change this rule.[13]

The issue before us is not whether the information sought is relevant and admissible at trial, but whether the trial court abused its discretion in denying the motion to modify the subpoena.[14] We find no abuse of discretion, particularly in light of the wide latitude given to make complete discovery possible,[15] the burden on WellStar "to show more than that the materials would not themselves be admissible at trial[,]"[16] and the fact that WellStar does not argue that the material is privileged or that the discovery request is burdensome.[17] Finding no abuse of discretion, we affirm the trial court's order.

*Judgment affirmed. Miller, P. J., and Doyle, P. J., concur.*

---

[12] 297 Ga. 285 (773 SE2d 692) (2015).

[13] We note that the trial court agreed with WellStar's position that *Bowden* was inapplicable and that evidence of collateral payments was inadmissible in cases in tort.

[14] See *Whittle*, 339 Ga. App. at 85.

[15] See *Intl. Harvester Co. v. Cunningham*, 245 Ga. App. 736, 739 (1) (538 SE2d 82) (2000).

[16] See *Deloitte Haskins & Sells*, 187 Ga. App. at 379 (2).

[17] See footnote 3, supra.

6