**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**MCMILLIAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**October 10, 2019**

# In the Court of Appeals of Georgia

A19A1021. ORTHO SPORT & SPINE PHYSICIANS, LLC v. CITY OF DULUTH.

MCFADDEN, Chief Judge.

This appeal challenges a trial court order denying a motion to quash a subpoena for production of documents from a non-party. Because the court did not abuse its discretion in denying the motion, we affirm.

1. *Facts and procedural posture.*

Chakib Mellouki and other family members filed a complaint against the City of Duluth, Georgia, alleging injuries arising from a motor vehicle collision negligently caused by a Duluth police officer. The city served a subpoena to produce malpractice insurance documents on non-party Ortho Sport & Spine Physicians, LLC, which employs the doctor who treated Mellouki for his alleged injuries. Ortho filed

a motion to quash the subpoena, claiming that information regarding its professional malpractice insurance for the doctor is not relevant to the lawsuit before the court. The city filed a response, asserting that the doctor who treated Mellouki has also been identified as a medical expert for the plaintiffs, that part of the treatment included a surgical procedure performed by the doctor, and that the plaintiffs' claimed damages include the amounts charged by the doctor. The city further asserted that part of its defense is that the doctor was not qualified to perform the surgery, that he was not authorized under state law to perform the surgery, and that the amounts charged for his treatments were not reasonable and customary. The trial court entered an order denying the motion to quash, finding that the materials sought in the subpoena "are reasonably calculated to lead to the discovery of admissible evidence as to [the doctor's] qualifications and whether or [not] his fees were reasonable and customary." Ortho appeals from that order.

2. *Denial of motion to quash.*

Ortho contends that the trial court erred in denying its motion to quash the subpoena for production of documents. "We review a trial court's ruling on such a motion for abuse of discretion." *WellStar Kennestone Hosp. v. Roman*, 344 Ga. App. 375, 377 (810 SE2d 600) (2018). We find no abuse of discretion in this case.

OCGA § 9-11-45 (a) (1) (B) provides that a "subpoena may command the person to whom it is directed to produce and permit inspection and copying of designated books, papers, documents, or tangible things which constitute or contain matters within the scope of the examination permitted by subsection (b) of Code Section 9-11-26[.]"

> Under OCGA § 9-11-26 (b) (1), parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party. Pursuant to OCGA § 9-11-34 (a) (1), a party may request that another party produce documents containing matter discoverable within the scope of OCGA § 9-11-26 (b), and OCGA § 9-11-34 (c) (1) establishes that the discovery of nonprivileged documents also applies to nonparties. Thus, as with discovery requested from parties, the only requirements placed by the Georgia legislature on discovery requested from nonparties is that the documents must be relevant and nonprivileged.

*Speedy Care Transport v. George*, 348 Ga. App. 325, 329 (2) (822 SE2d 687) (2018) (citations and punctuation omitted).

Ortho has made no showing that the requested discovery is privileged; rather, it claims that the requested discovery is not relevant. However,

> [i]n the context of discovery, courts should and ordinarily do interpret "relevant" very broadly to mean matter that is relevant to anything that is or may become an issue in the litigation. Even if the information sought would be inadmissible at trial, it is not a ground for objection if

3

the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

*Speedy Care Transport*, supra at 329-330 (2) (citations and punctuation omitted).

As recounted above, even if the malpractice insurance information sought would not be admissible, the trial court expressly found that it is reasonably calculated to lead to the discovery of admissible evidence regarding the doctor's qualifications and fees. See also OCGA § 9-11-26 (b) (2) (providing in part that a "party may obtain discovery of the existence and contents of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action[,]" but "[i]nformation concerning the insurance agreement is not by reason of disclosure admissible in evidence at trial"). Under these circumstances, "[w]e find no abuse of discretion, particularly in light of the wide latitude given to make complete discovery possible, the burden on [Ortho] to show more than that the materials would not themselves be admissible at trial, and the fact that [Ortho] does not argue that the material is privileged[.]" *WellStar*, supra at 378 (citations and punctuation omitted).

3. *Protective order.*

In a separate enumeration of error, Ortho contends that in lieu of quashing the subpoena, the trial court should have entered a protective order "limiting use and disclosure of the information solely to the underlying action, and preserving the confidentiality of such information." But no such request was made in the trial court. In its motion to quash, Ortho requested that the trial court quash the subpoena and grant "a protective order to prevent [Ortho] from having to provide any of the requested information." But Ortho did not also request an alternative protective order allowing the discovery but limiting the use of the information to the underlying action and preserving any purported confidentiality. Because the issue of such an alternative protective order was not raised and ruled on in the trial court, it was waived and cannot be raised for the first time on appeal. See *BTL COM Ltd., Co. v. Vachon*, 278 Ga. App. 256, 258 n.2 (628 SE2d 690) (2006) (issue waived on appeal because it was not raised in the trial court).

*Judgment affirmed. McMillian, P. J., and Senior Appellate Judge Herbert E. Phipps, concur.*