## 45571. JACKSON v. GORDON et al.

JORDAN, Presiding Judge. Plaintiff filed suit against defendants for personal injuries on April 4, 1969. Answers were duly filed and on August 20, 1969, the defendants took the deposition of the plaintiff. In September 1969 defendants completed discovery and stipulated the case to the trial calendar without objection from the plaintiff. On April 2, 1970, the case appeared on the active trial calendar and on the same day counsel for defendants received in the mail two sets of interrogatories with one set directed to each defendant. The interrogatories contained some 90 numbered questions with approximately 127 subparts, including questions to the corporate defendant as to whether it had ever been in the military service, what schools it attended, and similar totally irrelevant questions though some of the questions were of course applicable. The trial judge granted defendant's motion to quash the interrogatories and certified the same for immediate review.

We affirm. While the general rule requires specificity in the making and disposing of objections to interrogatories, the law at the same time accords the trial judge a broad discretion to take action "which justice requires to protect the party . . . from annoyance, embarrassment, or oppression." Rule 30 (b) (CPA § 30 (b); *Code Ann.* § 81A-130 (b)) and Rule 33 (CPA § 33; *Code Ann.* § 81A-133). In exercising this discretion the trial court can consider such factors as the relevancy of the questions propounded, whether or not timely filed, whether prejudice would result, and whether such interrogatories were filed for purposes other than a bona fide effort of discovery. The use of discovery procedures is a valuable aid to counsel in the preparation and conduct of the trial. However the use of such methods must comport with reasonable standards. The statute wisely gives the trial judge broad control over the use and limitations of discovery procedures, and unless there is a clear abuse of this discretion the appellate courts will not interfere. *Herring v. R. L. Mathis Certified Dairy Co.*, 121 Ga. App. 373, 377 (173 SE2d 716).

Viewing the action of the trial court under the peculiar facts of

this case we cannot say that there was an abuse of this discretion.

Judgment affirmed. *Eberhardt and Pannell, JJ., concur.*

ARGUED SEPTEMBER 11, 1970—DECIDED OCTOBER 15, 1970.

*Neil Heimanson,* for appellant.

*Neely, Freeman & Hawkins, Albert H. Parnell,* for appellees.