45927, 45928. HOPKINS v. ALLEN (two cases).

Evans, Judge. These two cases arise out of an auto collision in which the plaintiffs filed suit against Hopkins, the defendant and appellant herein. Hopkins filed interrogatories, and the plaintiffs filed a motion for a protective order and objection to the interrogatories, contending they were for harassment only, consisted of irrelevant matter, and requested that defendant be required to obtain the information by depostition, rather than by the use of interrogatories. The court issued a show-cause order on the motion for protective order, and pending the hearing, relieved the plaintiffs from having to respond in any manner whatsoever to the interrogatories. Thereafter an order was entered on the 20th day of August, 1970, relieving the plaintiff from having to respond in any manner to the interrogatories, and the trial judge certified that said order was of such inportance to the case that immediate review should be had by direct appeal. *Held:*

Under the authority of Sec. 33 of the Civil Practice Act of 1966, pp. 609, 646 (*Code Ann.* § 81A-133) on motion of the deponent or the party to be interrogated, the court "may make such protective order as justice may require." An examination of the findings of fact by the trial judge preceding his protective order in which he relieved the plaintiff Glen D. Allen from having to respond to the interrogatories until after the defendant has taken the oral deposition of the plaintiffs, at which time the defendant "shall be allowed to file written interrogatories as the circumstances may then dictate," shows he based the order on Allen's (1) limited education, (2) physical condition, and (3) necessity to take time off from work to spend five to six hours for the purpose of answering the interrogatories, all of which is sufficient to authorize the order. The trial court has a broad discretion in regulating and controlling the business of the court, and the appellate court should never interfere with its exercise unless it is made to appear that wrong or oppression results from its abuse, or the court in some manner takes away rights the parties have under the law. See *Hatcher v. State,* 18 Ga. 460; *Carr v. State,* 76 Ga. 592 (2c); *Williams v. State,* 177

Ga. 391, 410 (170 SE 281); *Owens v. State,* 11 Ga. App. 419 (5) (75 SE 519); *Seal v. Aldredge,* 100 Ga. App. 458, 459 (111 SE2d 769); *Jackson v. Gordon,* 122 Ga. App. 657 (178 SE2d 310). We find no abuse of discretion or that the court prevented the defendant from obtaining discovery, first, by deposition, and then by written interrogatories "as the circumstances may then dictate." See also in this connection *Sorrells v. Cole,* 111 Ga. App. 136, 142 (141 SE2d 193); *Williamson v. Lunsford,* 119 Ga. App. 240 (166 SE2d 622). Further, the court may have likewise determined at the hearing in which the above findings of fact were made that due to the unusual length and complex nature of the questions, and their number (approximately 140 to 150); that the same were for the purpose of harrassing the plaintiffs. We find no abuse of discretion by the trial court in setting forth the method of discovery in this case.

*Judgment affirmed. Jordan, P. J., and Quillian, J., concur.* SUBMITTED JANUARY 8, 1971—DECIDED JANUARY 29, 1971— REHEARING DENIED FEBRUARY 16, 1971.

*Greer & Murray, Richard G. Greer, Henry R. Bauer, Jr.,* for appellant.

*Reeves & Collier, Rex T. Reeves, Merrell Collier,* for appellees.