### 45952. COCHRAN v. NEELY et al.

JORDAN, Presiding Judge. This is an appeal, certified by the judge of the lower court, from his order denying the motion of the defendant to compel a witness to answer certain questions posed on cross examination by counsel during the taking of a deposition on oral examination. At the outset counsel for the

plaintiff had stated that the deposition was being taken for use in evidence. The case itself is a personal injury action.

The deponent, Dr. Calvin Sandison, answered all questions posed by counsel for the plaintiff, relating primarily to his qualifications and matters regarding the treatment and condition of the plaintiff, and similar questions posed on cross examination by counsel for the defendant. On further questioning on cross examination he admitted that he had been the defendant in a malpractice action, and furnished some of the details of the action, including the fact that the plaintiff recovered a verdict.

After the deponent answered a question to the effect that he was reasonably sure of the amount of the judgment in the malpractice case, he asked if he could refuse to answer further questions as being irrelevant, and counsel for the plaintiff noted an objection to this line of questioning as irrelevant. The following colloquy then took place between the deponent and counsel for the defendant: "Q. Was this case filed against you approximately four or five years ago? A. Can I refuse to answer this line of talk? Q. Well, if you wish, we will not conclude the deposition. It's all a matter of public record. Of course, I can get the original papers of which I have a copy. The Deponent: Yes, of course you can and I would have no objection to that; but, I see no reason to bring this in, in relation to this case. Mr. Van Gerpen: Well, my question is do you recall when the suit was filed? The Deponent: I would like to refuse to answer. Mr. Van Gerpen: Then we will have to get a ruling from the court because I refuse to conclude the deposition without being allowed to conclude this questioning." *Held:*

1. We refute the contention that the answers to the question twice propounded which the deponent refused to answer would aid in discovery. Pretermitting the effect of the statement of counsel for the plaintiff that the deposition was being taken for use in evidence, counsel for the defendant discloses by his own statement to the deponent that he either knew when the malpractice suit was filed, or could obtain it from the public record. The most he could expect to discover from an answer to the question was a test of the deponent's memory in respect to the date a malpractice action was filed against him.

2. "It shall be the right of a witness to be examined only as to relevant matter; and to be protected from improper questions and from harsh or insulting demeanor." *Code* § 38-1704.

3. The case books are replete with statements that the scope of cross examination rests largely within the discretion of the trial judge. The late Chief Justice Bleckley summarized the rule as follows: "It is the duty of the court both to protect a witness under cross examination from being unfairly dealt with, and to allow a searching and skilful test of his intelligence, memory, accuracy and veracity. As a general rule, it is better that cross examination should be too free than too much restricted. This is a matter that necessarily belongs to and abides in the discretion of the court." *Harris v. Central R.,* 78 Ga. 525, 534 (3 SE 355). Also, see *Loomis v. State,* 78 Ga. App. 336, 351 (51 SE2d 33).

4. In our opinion the foregoing rules apply to a ruling of the trial court where, under CPA § 37 (a) (*Code Ann.* § 81A-137 (a)), a movant seeks an order to compel a deponent to answer a question on cross examination after the deponent has sought to invoke his privilege under *Code* § 38-1704. Under the circumstances disclosed in the present case no basis appears to interfere with the ruling of the lower court.

*Judgment affirmed. Quillian and Evans, JJ., concur.*

Argued February 2, 1971—Decided March 2, 1971—Rehearing denied March 25, 1971—Cert. applied for.

*Van Gerpen & Bovis, Earl J. Van Gerpen, Steven J. Kyle,* for appellant.

*Westmoreland, Hall & Bryan, P. Joseph McGee,* for appellees.