## 45947. AMERICAN OIL COMPANY v. MANPOWER, INC.

EBERHARDT, Judge. American Oil Company owned certain service stations in and near Atlanta which were, or were about to be closed because of the lack of an available and acceptable lessee or purchaser. In order to avoid a closing and to maintain a flow of business in them it contracted with Manpower, Inc. to operate the stations on a cost plus basis as to labor, and Manpower was to purchase the opening inventory and other merchandise as needed from American, and upon a termination of the arrangement American would repurchase the closing inventory and make good any operating losses suffered. Manpower operated two stations for a period of time, and upon termination a closing inventory was prepared at each station, as had been done for the opening inventory when it took over. Each party had copies of the opening and closing inventories.

Manpower, Inc. sued American, claiming a balance under the operating contract of $9,604.72. American counterclaimed for $4,037.28. American served interrogatories on Manpower seeking, inter alia, the opening inventory, description and quantity of each item on hand, wholesale cost of each item, all purchases made during the period of operation and whether made by purchase order, letter, telephone, etc., itemization of all returns of merchandise during the operating period, and a closing inventory, listing all items, quantity and cost, and all payments made to American during the operating period (except as to gasoline). Manpower objected to these interrogatories and sought a protective order excusing it from making answer on the ground that the information was already in the hands of American and equally within its knowledge and that making answer would be expensive and oppressive. The protective order was granted and American, obtaining a certificate for review, appeals. *Held:*

The trial court has a broad discretion in the control of discovery

prior to trial, including the quashing of interrogatories and the grant of protective orders, which this court will not disturb unless it appears that its discretion has been abused. *Jackson v. Gordon,* 122 Ga. App. 657 (178 SE2d 310); *Herring v. R. L. Mathis Certified Dairy Co.,* 121 Ga. App. 373, 377 (173 SE2d 716). We do not find an abuse of discretion here. The purpose of discovery is, of course, to shorten trial time and to narrow the issues—highly laudable, and it should not be thwarted by denial of discovery in the quashing of interrogatories or the granting of protective orders. At the same time, however, it must be recognized that discovery should not be used oppressively or to put opposing parties and counsel to unreasonable expense and trouble, particularly in the collection and reporting of information which is or should be reflected in the records of the party seeking it.

*Judgment affirmed. Hall, P. J., and Whitman, J., concur.*
ARGUED FEBRUARY 3, 1971—DECIDED JUNE 7, 1971—
REHEARING DENIED JUNE 21, 1971.

*Alston, Miller & Gaines, William C. Humphreys, Jr., Ronald L. Reid,* for appellant.
*Frank Fuller,* for appellee.