48658. INTERNATIONAL SERVICE INSURANCE COMPANY v. BOWEN.

SUBMITTED OCTOBER 5, 1973 — DECIDED OCTOBER 30, 1973.

*Adams, Adams, Brennan & Gardner, Edward T. Brennan,* for appellant.

*Joseph B. Bergen,* for appellee.

STOLZ, Judge. The issue presented goes to the very vitals of the discovery provisions of the Civil Practice Act.

Code Ann. § 81A-126 (c) (Ga. L. 1966, pp. 609, 635; 1967, pp. 226, 233; 1972, p. 510) allows the court to "make any order which justice requires to protect a party or a person from annoyance, embarrassment, oppression, or undue burden or expense." This is

the method by which the courts can prevent abuses of the discovery process and insure that it is working properly. Agnor, Use of Discovery Under Ga. Civil Practice Act, §§ 5-16 and 5-17, pp. 121-126. "The broad purpose of the discovery rules, under the Civil Practice Act, is to enable the parties to prepare for trial so that each party will know the issues and be fully prepared on the facts. Discovery is specifically designed to fulfill a two-fold purpose: issue formulation and factual revelation. The use of the discovery process has been held to be broadly construed." *Travis Meat & Seafood Co. v. Ashworth,* 127 Ga. App. 284, 285 (193 SE2d 166) and cits.

"The trial court does have a wide discretion in the entering of orders to prevent oppressive, unreasonable and unduly bur- densome or harrassing discovery by interrogatories. *Herring v. R. L. Mathis &c. Dairy Co.,* 121 Ga. App. 373 (2) (173 SE2d 716); *Jackson v. Gordon,* 122 Ga. App. 657 (178 SE2d 310); *Hopkins v. Allen,* 123 Ga. App. 330 (180 SE2d 919); *Johnson v. O'Donnell,* 123 Ga. App. 375 (181 SE2d 291). This court has also held that the trial court may exercise a discretion in requiring a witness to answer as to wholly irrelevant and immaterial matter, or as to matter concerning which full information is already at hand. *Cochran v. Neely,* 123 Ga. App. 500 (181 SE2d 511). The witness is entitled to be protected against harsh and insulting questioning. Code § 38-1704. He cannot be required to answer questions when the answer may tend to incriminate him. *Mallin v. Mallin,* 227 Ga. 833 (183 SE2d 377). Discovery should not be used oppressively. *American Oil Co. v. Manpower, Inc.,* 124 Ga. App. 79 (183 SE2d 95). Code Ann. § 81A-130 (b)[1] gives the trial court the authority to 'make any other order which justice requires to protect the party or witness from annoyance, embarrassment, or oppression.' " Id., p. 287.

The protective order issued by the trial judge stated: "The plaintiff's motion for protective order having come on to be heard and it appearing that there is no reason to take the deposition of the plaintiff's wife, who the record establishes was not present at any time involved in said occurrence and who had no knowledge of said occurrence, other than to annoy, embarrass, and oppress the plaintiff." As noted previously, no evidence was submitted in

---

[1] Present Code Ann. § 81A-126 (c) (Ga. L. 1966, pp. 609, 635; 1967, pp. 226, 233; 1972, p. 510).

support of or in opposition to the motion.

Discovery is not limited to matters that are admissible in evidence at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. Code Ann. § 81A-126 (b) (1) (Ga. L. 1966, pp. 609, 635; 1967, pp. 226, 233; 1972, p. 510). "[T]his procedure is to be given a liberal construction in favor of supplying a party with the facts underlying his opponent's case, and this without reference to whether the facts' sought on discovery are admissible upon the trial of the action." *Setzer's Super Stores v. Higgins,* 104 Ga. App. 116, 120 (121 SE2d 305).

We are ever mindful of the rule that the extent of discovery and use of protective orders is generally within the discretion of the trial judge. However, this must be a sound and legal discretion based on evidence and a showing of good cause. Protective orders "should not be entered when the effect is to frustrate and prevent legitimate discovery." *Travis Meat & Seafood Co. v. Ashworth,* 127 Ga. App. 284, supra, p. 288. Here, as in *Travis,* counsel could not have been held to have annoyed, embarrassed, or oppressed the proposed deponent, as he had not yet asked the proposed deponent his first question, unless it can be said that the taking of a discovery deposition from a litigant's spouse is always annoying, embarrassing, or oppressing. Such a position is too patently invalid to justify further comment. The contention by the plaintiff in his motion for protective order, that his wife "does not even know about any of these events," must obviously yield to the overriding policy of liberally construing the application of the discovery law. To hold otherwise would be to give every litigant an effective veto of his adversaries' attempts at discovery. Thus, could the president of a corporation involved in litigation make a similar statement as to the knowledge of a junior executive or employee in a motion for such a protective order and thereby successfully frustrate discovery? Obviously not.

"It is contemplated that the trial judge will exercise a sound and legal discretion in the grant or denial of protective orders. *Such are intended to be protective—not prohibitive—* and, until such time as the court is satisfied by *substantial evidence* that *bad faith or harassment motivates the* [discoveror's] *action,* the court should not intervene to limit [or prohibit] the scope of pretrial discovery." (Emphasis supplied.) *Travis,* supra, p. 288.

*Judgment reversed. Eberhardt, P. J., and Pannell, J., concur.*