60008. RAY v. PARCEL DELIVERY COMPANY, INC. et al.

Shulman, Judge.

Plaintiff brought suit against defendants for damages arising from a vehicular collision. From a verdict and judgment in favor of defendants, plaintiff appeals. We affirm.

1. By motion, plaintiff requested that the issues of liability and damages be separated for trial. Plaintiff's contentions of error, therefore, in regard to the trial court's grant of such motion are not meritorious. *Bennett v. Bennett,* 210 Ga. 721 (2) (82 SE2d 653);

*Wright v. Thompson,* 236 Ga. 655 (225 SE2d 226); *Blakely & Son v. Humphreys,* 148 Ga. App. 281 (250 SE2d 826). On the question of a bifurcated trial on the issues of liability and damages, see *Cline v. Kehs,* 146 Ga. App. 350 (1) (246 SE2d 329).

2. Plaintiff submits that the trial court erred in failing to either rebuke defense counsel or declare a mistrial in response to defense counsel's alleged improper remarks in his opening statement. Plaintiff contends that defense counsel's discussion of plaintiff's "personal problems" was irrelevant and prejudicial and mandates reversal. We disagree.

In response to plaintiff's objection to defense counsel's opening statement, the court neither sustained nor overruled plaintiff's objection, but instead instructed and cautioned the jury not to accept counsel's recitations as evidence. At that time, the court reserved the right to rule on the admissibility of evidence relating to the matters referred to in defendants' opening statement as such matters arose at trial.

In view of the fact that evidence of plaintiff's personal problems was later introduced at trial without objection (which evidence went to plaintiff's mental and emotional condition at the time of the collision), any error in the court's failure to rebuke defense counsel or declare a mistrial in regard to defendants' opening statement was harmless. See, e.g., *Converse v. O'Keefe,* 148 Ga. App. 675 (2) (252 SE2d 92). Compare *Lewyn v. Morris,* 135 Ga. App. 289 (217 SE2d 642).

Moreover, even assuming error, since plaintiff failed either to renew her objection or move for a mistrial following the court's curative corrective instructions, her complaint of error regarding defendants' opening statement will not be reviewed by this court. See, e.g., *Kendrick v. Kendrick,* 218 Ga. 460 (128 SE2d 496); *Andrews v. Commercial Credit Corp.,* 129 Ga. App. 294 (199 SE2d 383).

3. Plaintiff asserts error in the trial court's failure to charge certain written requests to charge, which charges plaintiff contends were derived from the "rules of the road." See Code Ann. Title 68A. We find no error.

First of all, we must take issue with plaintiff's contentions that her requests to charge were taken from Title 68A. Rather, it appears that such charges were merely restatements of the law of negligence. Thus, even assuming that the requests to charge stated correct principles of law and were not argumentative (which assumption, however, we do dispute), since the court fully instructed on negligence and the exercise of ordinary care, its failure to instruct in the exact language requested by plaintiff is not error. *Davis v. Southland Auto Salvage,* 138 Ga. App. 571 (1) (226 SE2d 749);

*American Home Assur. Co. v. Stephens,* 121 Ga. App. 306 (4) (174 SE2d 186); *Agnew v. Hamel,* 107 Ga. App. 221 (2) (129 SE2d 574); *Brown v. Nutter,* 125 Ga. App. 449 (6, 7) (188 SE2d 133).

Finding no error for any reason assigned, the judgment of the trial court is affirmed.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

ARGUED JUNE 16, 1980 — DECIDED SEPTEMBER 3, 1980.

*Charles T. Bass, Casper Rich,* for appellant.
*James S. Owens, Jr., Robert L. Goldstucker,* for appellees.