70351. BERGEN v. CARDIOPUL MEDICAL, INC.
(334 SE2d 28)

CARLEY, Judge.

Appellee initiated the instant civil action against appellant. On September 22, 1983, and December 4, 1983, respectively, appellee served upon appellant a Notice to Produce and a Supplemental Notice to Produce. These notices directed appellant "to produce [at] the time of any hearing, trial, or the taking of any deposition of [appellant]" certain specified documents and records. On August 17, 1984, appellee filed a motion denominated as a "Motion to Compel/For Sanctions." Prior to this date, appellant had not responded in any manner to the notices to produce. However, it is undisputed that prior to August 17, 1984, there had been no hearings, depositions, or trial held in the case. In response to appellee's motion, the trial court issued an order dated September 12, 1984, directing appellant "to make discovery set forth in [appellee's] Notice to Produce and Supplemental Notice to Produce within thirty (30) days. . . ." A five-

hundred dollar sanction was also imposed upon appellant by the trial court's order. Following the receipt of a letter from appellant's attorney, the trial court set aside that portion of its order of September 12, 1984, which had imposed sanctions and by rule nisi, set a hearing on the issue of imposition of sanctions. The court did not, however, vacate its order insofar as it directed appellant to make discovery.

At the sanctions hearing, appellant correctly asserted that appellee had filed its notices to produce pursuant to OCGA § 24-10-26. Appellant also contended that, having been requested to produce at the time of any hearing, trial or disposition, he had not yet complied because none of those events had occurred. Appellant further asserted that appellee's notices could not be construed as a request for production pursuant to OCGA § 9-11-34, because certain requirements of that code section had not been met. Following the hearing, the trial court entered an order, wherein it found: "[B]y filing the Motion to Compel on August 17, 1984, [appellee] converted [its] Notice[s] to Produce into a Request to Produce under OCGA § 9-11-34[;]" that in its original order of September 12, 1984, the court had ordered production by appellant within 30 days; and that by the date of the sanctions hearing more than 30 days later, appellant had not responded to the trial court's order requiring production. Accordingly, the trial court re-imposed the five-hundred dollar sanction against appellant, and further ruled that if the requested documents were not produced within 30 days, appellant's answer would be stricken as an additional sanction. The trial court then issued a certificate of immediate review, and this court granted appellant's application for interlocutory appeal.

The sole issue for resolution on appeal is whether the trial court correctly ruled that appellee's notices to produce had been "converted" into a request to produce. A notice to produce pursuant to OCGA § 24-10-26 may be enforced "by attachment for contempt and by fine not exceeding $300.00 and imprisonment not exceeding 20 days." OCGA § 24-10-25 (b). Also, subsection (c) of OCGA § 24-10-25 provides that if that which is sought is not produced, "secondary evidence thereof shall be admissible." Therefore, motions to compel and for sanctions are *not* proper vehicles for the enforcement of such a notice to produce. Accordingly, the trial court's original order to compel and its subsequent order imposing sanctions were clearly erroneous unless appellee's notices to produce were somehow converted into a request to produce. See OCGA § 9-11-37; *Thornton v. Burson*, 151 Ga. App. 456 (2) (260 SE2d 388) (1979).

Appellee contends that the trial court has broad discretion over discovery matters, and, in the exercise of that discretion, properly ruled that such a "conversion" had occurred. The trial court does have wide discretion over discovery matters, including the areas of

entering protective orders, requiring that deponents answer questions, and imposing sanctions. See *Cochran v. Neely*, 123 Ga. App. 500 (181 SE2d 511) (1971); *American Oil Co. v. Manpower, Inc.*, 124 Ga. App. 79 (183 SE2d 95) (1971); *Wetherington v. Koepenick & Horne, Inc.*, 153 Ga. App. 302, 304 (2) (265 SE2d 107) (1980). However, we find no authority for the proposition that the trial court had the discretion to hold that what was clearly an OCGA § 24-10-26 notice to produce had been "converted" into a request for production under OCGA § 9-11-34.

OCGA § 9-11-34 (b) (1) provides that a request to produce "shall specify a reasonable time, place and manner of making the inspection and performing the related acts." Appellee's original and supplemental notices to produce did not *specify* a time, place or manner for producing or making inspection of the documents. Under the circumstances, appellee's "Motion to Compel/For Sanctions" must be construed as an erroneous attempt to enforce an otherwise proper OCGA § 24-10-26 notice to produce rather than as a "conversion" of that notice into an entirely different discovery vehicle. The trial court's order dated September 12, 1984 merely directed appellant to comply with appellee's motion and only required appellant to "make discovery set forth in [appellee's] *Notice to Produce and Supplemental Notice to Produce* within (30) days. . . ." (Emphasis supplied.) Thus, even the trial court's original order, which appellee asserts on appeal should have given appellant notice of the "conversion," did not specify any time, place and manner, as required by OCGA § 9-11-34 (b) (1), but merely directed compliance with the notices to produce. Thus, at no time before or *after* the entry of the trial court's original order was appellant served with a request for production which in any way specified the time, place or manner for such production. The undisputed evidence demonstrates that appellant was never in non-compliance with appellee's notices to produce. Accordingly, the trial court erred in finding that appellee's notices to produce had been "converted" into a request for production, in issuing an order to compel, and in imposing sanctions against appellant.

*Judgment reversed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 3, 1985.

*Ronald C. Harrison*, for appellant.
*C. Terry Blanton, Sidney L. Moore, Jr.*, for appellee.