72436. REECE v. SELMONOSKY et al.
(347 SE2d 649)

SOGNIER, Judge.
Elvin Reece brought this action against Carlos Selmonosky, M. D. and James Blank, M. D. under theories of negligence and breach of contract seeking damages allegedly resulting from surgery. The jury returned a verdict in favor of both doctors and Reece appeals.

1. Appellant contends the trial court erred by granting appellees' motion in limine precluding appellant from presenting evidence on the issue of whether appellant's consent to the surgical procedure was informed consent. Likewise, appellant contends the trial court erred by denying his motion for a new trial on the grounds that this evidence was excluded. We find no merit in appellant's argument that the issue of informed consent is relevant to his negligence claim. Hyles v. Cockrill, 169 Ga. App. 132 (2) (312 SE2d 124) (1983). Nor do we find merit in appellant's argument that the issue of informed consent is relevant to his breach of contract claim. Appellant contracted for medical services and any breach of appellee's duties under that contract necessarily would be based on their failure to provide reasonable medical services. Hence, we decline appellant's invitation to overrule our line of cases such as Hyles, supra, and Simpson v. Dickson, 167 Ga. App. 344 (2) (306 SE2d 404) (1983), which hold that the informed consent doctrine is not a viable principle of law in this state.

2. Appellant contends the trial court erred by granting appellees' motion for a protective order which allowed appellees to refuse to disclose the names and addresses of 114 other patients upon whom they had performed the surgical procedure appellees performed upon appellant. Although the permissible scope of discovery is very broad, OCGA § 9-11-26 (b) (1), "the trial judge [is accorded] a broad discretion to take action 'which justice requires to protect the party . . . from annoyance, embarrassment, or oppression.' [Cits.]" Jackson v.

*Gordon*, 122 Ga. App. 657 (178 SE2d 310) (1970). Appellant argues that the information sought was relevant to the issue of whether appellees knew or should have known of the risk of surgery to appellant. However, appellant's interrogatories seeking the names and addresses of patients upon whom appellees had performed the surgery was not limited to those surgeries which had presented problems of any kind. Therefore, we find no abuse by the trial court in granting appellees' motion for a protective order. See generally id.

3. (a) Appellant contends the trial court erred by failing to give his requests to charge nos. 2, 12, 14 and 18. Those requests improperly intimate specific acts which the jury could consider as evidence of negligence and, therefore, were properly refused. See *Seabolt v. Cheesborough*, 127 Ga. App. 254, 258 (2) (193 SE2d 238) (1972).

(b) Appellant further contends the trial court failed to charge his requests nos. 7, 11 and 17 regarding testimony of expert witnesses and the definition of malpractice. "[E]ven assuming that the requests to charge stated correct principles of law and were not argumentative . . . since the court fully instructed on [testimony of expert witnesses], negligence and the exercise of ordinary care, its failure to instruct in the exact language requested by [appellant] is not error. [Cits.]" *Ray v. Parcel Delivery Co.*, 155 Ga. App. 531, 532 (3) (271 SE2d 670) (1980).

Finally, the trial court did not err in failing to give appellant's request to charge regarding the last clear chance doctrine because that charge was not adjusted to any principle involved in the case nor authorized by the evidence. See generally *Keno v. Alside, Inc.*, 148 Ga. App. 549, 553-554 (5) (251 SE2d 793) (1978).

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED JUNE 26, 1986 —
REHEARING DENIED JULY 9, 1986 —

*Carl Fredericks, Jimmy W. Jones*, for appellant.
*Robert H. Cleveland*, for appellees.