## 73071. JOEL et al. v. DUET HOLDINGS, INC.

(353 SE2d 548)

SOGNIER, Judge.

Duet Holdings, Incorporated, d/b/a Duet Financial, brought suit against Robert Joel, individually and d/b/a Summit Mortgage Company, seeking 50% of certain brokerage fees paid to Joel by a third party. Joel appeals from the order of the trial court striking his defensive pleadings and entering judgment against him by default as sanction against his failure to comply with court-ordered discovery.

Appellee filed with appellant a notice to take the deposition of appellant's attorney along with a notice to produce, the latter of which notified and requested appellant's attorney to produce and permit appellee to "inspect and copy, at the time of your deposition [set forth in the notice to take deposition] in the offices of [appellee's attorney], all documentary evidence listed [in an attached exhibit]." These notices were dated November 6, 1985, and set forth November 14th as the scheduled date for discovery. In response, appellant filed a motion seeking a protective order pursuant to OCGA §§ 9-11-26 (c), -34 to quash both notices. On November 19, 1985, the trial court denied appellant's motion to quash on the basis that the subject matter of the deposition and the documents set forth in the notice were discoverable pursuant to OCGA § 9-11-34. The trial court then ordered appellant's attorney to appear and to produce the documents at the taking of the deposition on November 21, 1985. Appellant's attorney presented himself at the deposition but failed to produce most of the documents listed in appellee's notice to produce. Although one document was produced at the deposition and it was explained that one other requested item did not exist, the deposition revealed that the remaining documents were not produced, either because they were in the possession of appellant's certified public accountant or because appellant, both individually and as an officer in Robert Joel, Inc. (a general partner in Summit Mortgage Co.), refused to hand over the documents.

Thereafter, appellee moved for imposition of sanctions pursuant to OCGA § 9-11-37 (b) (2) (C). After a hearing on the motion, the trial court found that "the actions of [appellant and counsel] are willful in that they show no intention to comply with my Order." The trial court then struck appellant's defensive pleadings and entered judgment by default in favor of appellee. The trial court stated that while this was "an extreme sanction, it is appropriate considering the continued willful and intentional conduct of [appellant]."

Initially, we note that no express determination was made by the trial court here that appellee's notice to produce was converted into a request to produce. However, it appears that all parties in their pleadings before the trial court were operating on the basis that the

notice to produce had been converted into a request to produce: appellant, in seeking a protective order, invoked the provisions of OCGA § 9-11-26 (c) and OCGA § 9-11-34; appellee's motion for imposition of sanctions was based on the provisions of OCGA § 9-11-37. Further, the trial court denied appellant's motion to quash on the basis that the documents were discoverable pursuant to OCGA § 9-11-34 and based its order imposing sanctions against appellant on OCGA § 9-11-37 (b) (2) (C). Since motions pursuant to OCGA §§ 9-11-26, -34, and -37 are not proper vehicles for the quashing or the enforcement of an OCGA § 24-10-26 notice to produce, see *Bergen v. Cardiopul Medical*, 175 Ga. App. 700, 701 (334 SE2d 28) (1985), we consider the parties involved to have waived any express determination of this matter, assuming, arguendo, that such an express determination is necessary.

We further note that under OCGA § 9-11-34 (b) (2), appellant, as the party upon whom the request was served, was entitled to 30 days to respond and that appellee's notice, filed November 6, 1985, gave appellant only to November 14th to produce. However, appellant excused compliance with the same when he chose to seek a protective order pursuant to OCGA § 9-11-26 and the trial court, upon denying appellant's motion, was authorized to set a shorter time for appellant's response under OCGA § 9-11-34 (b) (2).

Although we agree with appellant that unless appellee's notice to produce was somehow converted into a request to produce, the trial court's original order requiring the production of the documents and subsequent order imposing sanctions would be clearly erroneous, *Bergen*, supra at 701, we find the trial court properly converted the notice here. In *Bergen*, this court held that the "conversion" was erroneous because the notices in question there failed to "specify a time, place or manner for producing or making inspection of the documents" as required by OCGA § 9-11-34 (b) (1) and that these omissions were not rectified by the trial court's order directing the appellant there to comply with the notices. The case sub judice is thus distinguishable from *Bergen* in that appellee's notice to produce did set forth the time, place and manner of making the inspection and thus fully complied with the statutory requirements of OCGA § 9-11-34 (b) (1).

Next, we find no merit in appellant's argument that in the absence of an OCGA § 9-11-37 (a) motion to compel, the trial court's imposition of sanctions under OCGA § 9-11-37 (b) was erroneous. " 'The general scheme of [OCGA § 9-11-37, Civil Practice Act Rule 37] is that ordinarily sanctions can be applied only for a failure to comply with an order of the court. Thus when the discovery procedure itself requires a court order . . . or permits an order . . . failure to obey the order can be punished immediately by any of the sanctions listed in Rule 37 (b). . . .' [Cit.]" *Serwitz v. Gen. Elec. Credit*

*Corp.*, 174 Ga. App. 747, 748 (2) (331 SE2d 95) (1985). OCGA § 9-11-26 (c) provides that "[i]f the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or person provide or permit discovery." We see no reason why the court, having ordered discovery pursuant to OCGA § 9-11-26 (c), should need to reorder the disobedient party to permit discovery of those self-same matters before imposing sanctions under OCGA § 9-11-37 (b). We thus hold that when a court orders one party to permit discovery pursuant to OCGA § 9-11-26 (c), upon that party's wilful failure to comply with the court's order, the party seeking sanctions need not move the court pursuant to OCGA § 9-11-37 (a) to repeat its order before proceeding to move the court pursuant to OCGA § 9-11-37 (b) for the imposition of sanctions.

As a general rule, the trial court should attempt to compel compliance with its orders through the imposition of lesser sanctions than dismissal. *Mathews v. City of Atlanta*, 167 Ga. App. 168, 170 (306 SE2d 3) (1983). "[T]he drastic sanctions of dismissal and default cannot be invoked under [OCGA § 9-11-37] except in the most flagrant cases — where the failure is wilful, in bad faith or in conscious disregard of an order." *Delta Equities v. Berry*, 127 Ga. App. 590, 591-2 (194 SE2d 284) (1972). However, " '[a] very broad discretion is granted judges in applying sanctions against disobedient parties in order to assure compliance with the orders of the courts. By [OCGA § 9-11-37 (b) (2) (C)] the courts are specifically granted the discretion to dismiss complaints or to render default judgments against disobedient parties. This applies to the disobeying of an order to produce. Historically it has been the policy of the Georgia appellate courts to refuse to interfere with a trial court's exercise of its discretion in absence of abuse. This policy is applicable to a trial judge's exercise of the broad discretionary powers authorized under the discovery provisions of the Civil Practice Act. [Cit.]' [Cits.]" *Rubin v. Cindyreal*, 171 Ga. App. 45, 46 (318 SE2d 520) (1984). Under the circumstances here we find no abuse of discretion in striking appellant's defensive pleadings and entering a default judgment in favor of appellee.

Appellant's remaining contention is rendered moot by the foregoing.

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED JANUARY 21, 1987 —
REHEARING DENIED FEBRUARY 10, 1987 — ■

*David C. Joel*, for appellants.
*J. Caleb Clarke III*, for appellee.