Patricia A. CAMPBELL, Individually and as Mother and Natural Guardian of; Thomas Campbell, Individually and as Father and natural guardian of Jennifer L. Campbell, by her Natural Guardians and next friends, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 1:88–CV–2951–JOF.

United States District Court, N.D. Georgia, Atlanta Division.

June 28, 1991.

Myles Eric Eastwood, Taylor Webb Jones, Jones, Brown, Brennan & Eastwood, Atlanta, Ga., Reid George Kennedy, Reid W. Kennedy, Kennedy & Kennedy, Marietta, Ga., for plaintiffs.

Nina Loree Hunt, Office of U.S. Atty., N.D. Ga., Atlanta, Ga., for defendant.

## ORDER

FORRESTER, District Judge.

This matter is before the court on defendant United States of America's motions to extend discovery for sixty days, to stay

proceedings, to extend time to file the pretrial order, to dismiss, and to stay proceedings pending a decision on the motion to dismiss. Plaintiffs' motion to file a supplemental brief in response to defendant's motion to dismiss is also before the court.

## I. FACTS

When considering a motion to dismiss, the court must accept the material allegations of the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Burch v. Apalachee Community Mental Health Services,* 840 F.2d 797 (11th Cir.1988). The complaint alleges that plaintiff Patricia Campbell visited the OB–GYN section of the Ft. McPherson Army Health Clinic in December of 1984. Plaintiff was forty years of age at the time and expressed concern that she might be pregnant. The attending physician assured Patricia Campbell that she was not pregnant but failed to conduct a pregnancy test until Campbell had returned to the clinic a third time in April of 1985.

Because of her age, Patricia Campbell was concerned that the fetus might be genetically defective and sought information on amniocentesis and on terminating her pregnancy. After being informed that the government clinic could not perform the amniocentesis procedure or an abortion, plaintiff consulted a private physician. That physician informed her that it was too late safely to perform amniocentesis or an abortion. Plaintiff Jennifer Campbell was born with a chromosomal defect that resulted in numerous physical and mental abnormalities. An amniocentesis procedure would have revealed the presence of this defect. The Campbells state that they would have terminated Patricia Campbell's pregnancy if they had been aware of the defect. Plaintiffs allege that the government doctor's negligence deprived the parents of the information necessary to make a meaningful decision whether or not to continue Patricia Campbell's pregnancy.

Plaintiffs brought this suit under the Federal Tort Claims Act. Plaintiff Patricia Campbell sought damages for mental anguish, pain and suffering, and loss of income. Thomas Campbell and Patricia Campbell jointly seek damages for medical expenses associated with the pregnancy and delivery, and for the special expenses of raising an abnormal child including medical care and special education. Thomas and Patricia Campbell also presented a claim on behalf of Jennifer Campbell for emotional pain, suffering, anxiety and humiliation.

Defendant filed its first motion to dismiss on grounds that Thomas and Jennifer Campbell had failed to file separate administrative claims as required under the FTCA and that plaintiffs had failed to include a demand for a sum certain. The court rejected these arguments. Defendant also moved for dismissal on grounds that Georgia law does not recognize a cause of action for "wrongful birth" or "wrongful life." Following the Georgia Court of Appeals decision in *Atlanta Obstetrics and Gynecology Group v. Abelson,* 195 Ga.App. 274, 392 S.E.2d 916 (1990), this court dismissed Jennifer Campbell's claims but allowed Thomas and Patricia Campbell to proceed with their claims for wrongful birth. Defendant filed a second motion to dismiss after the Georgia Supreme Court reversed the Court of Appeals in *Atlanta Obstetrics and Gynecology Group v. Abelson,* 260 Ga. 711, 398 S.E.2d 557 (1990).

In *Abelson* the Georgia Supreme Court stated,

"Wrongful birth" and "wrongful life" actions are both species of malpractice claims wherein relief is sought for allegedly negligent or intentional treatment or advice that has deprived the parents of the opportunity to abort a fetus and thereby avoid the birth of an impaired child. An action for "wrongful life" is brought on behalf of an impaired child and alleges basically that, but for the treatment or advice provided by the defendant to its parents, the child would never have been born. An action for "wrongful birth" is brought by the parents of an impaired child and alleges

basically that, but for the treatment or advice provided by the defendant, the parents would have aborted the fetus, thereby preventing the birth of the child.

*Id.* at 713, 398 S.E.2d 557. The court noted that while the majority of courts facing the issue had refused to recognize a cause of action for wrongful life, they had recognized a cause of action for wrongful birth. Nonetheless, the court refused to do so in Georgia, "absent a clear mandate for such recognition by the legislature." *Id.* at 714, 398 S.E.2d 557.

The court held that a wrongful birth cause of action cannot be maintained under traditional tort law. *Id.* at 714, 398 S.E.2d 557. The court recognized that a physician has a general duty to impart relevant information to a patient concerning the patient's condition and that wrongful birth actions generally involve allegations of a breach of that duty. The court also recognized a woman's constitutional right to make informed decisions concerning the termination of her pregnancy. However, the court refused to recognize the life of a child as a legal injury. Further, the court held that there was an absence of causation where a child's impairment is unquestionably inherited from its parents and already in existence when the alleged breach of duty by the physician occurs. The court found,

> The only damages which can even be alleged by plaintiffs are those which have arisen from the defendants' alleged failure to take steps which the plaintiffs now say would have led them to abort a fetus, to whose existence and to whose impaired condition the defendants in no way contributed.

*Id.* at 715–16, 398 S.E.2d 557. Because the elements of causation and legal injury could not be established, the court concluded that recognition of a cause of action for wrongful birth did not fit within the parameters of traditional tort law. The court declined to fashion a new type of remedy because the difficult issues and policy considerations were not suitable for judicial resolution. *Id.* at 718–19, 398 S.E.2d 557.

## II. PLAINTIFFS' CONSTITUTIONAL CHALLENGE

■ The Federal Tort Claims Act provides for liability against the United States for,

> personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346. If the government is found liable, it must compensate the injured party "in the same manner and to the same extent as a private individual under like circumstances...." 28 U.S.C. § 2674. Recognizing that the Georgia Supreme Court's decision in *Abelson* forecloses all of plaintiffs' claims under Georgia law, plaintiffs now argue that this court should not apply Georgia law because it is constitutionally infirm. In essence, plaintiffs seek to hold the government liable under circumstances where a private person would not be liable to them in accordance with state law.

Plaintiffs argue that Georgia law, as set forth in *Abelson*, deprives women of a remedy for the unconstitutional deprivation of their right to make a free and informed choice concerning termination of a pregnancy. However, the court knows of no reason why state tort law, especially medical malpractice law, should provide a remedy for deprivation of federal constitutional rights. Clearly, Georgia's medical malpractice laws seek to remedy personal injuries resulting from the failure to exercise the requisite skill or care in treating a patient. *See* O.C.G.A. § 51–1–27. But, there is no evidence that the remedy plaintiffs seek was ever contemplated by the Georgia Legislature. Plaintiffs will not be heard to argue that the Supreme Court's holding in *Abelson* is infirm because it deprives them of a remedy the legislature never intended.

Plaintiffs also allege that *Abelson*'s effect is to deprive women carrying deformed fetuses of their substantive due process

right to sue for violations of Georgia's informed consent statute, O.C.G.A. § 31-9-6.1(a), for the reason that the doctor did not cause the deformity. Plaintiffs contend that the doctor never causes the defect or deformity in informed consent cases. However, plaintiffs have no standing to raise this issue because the informed consent statute does not control this action. Prior to the statute's effective date, January 1, 1989, there was no cause of action for informed consent in Georgia. *Reece v. Selmonosky*, 179 Ga.App. 718, 347 S.E.2d 649 (1986).

Further, the statute does not itself provide a cause of action but imposes disclosure requirements upon physicians before performing certain procedures. While breach of the statute's requirements may support a cause of action under the medical malpractice statutes, the statute presupposes that one of the identified procedures was performed. Thus, even if the statute had been effective at the time Patricia Campbell was treated at the clinic, she still would have no cause of action because none of the named procedures were performed.

Finally, to recover for medical malpractice in Georgia, a plaintiff must show that plaintiff's injury was caused by a lack of skill or care that resulted in additional pain and suffering. *Hawkins v. Greenberg*, 166 Ga.App. 574, 304 S.E.2d 922 (1983); *Parrott v. Chatham County Hospital Authority*, 145 Ga.App. 113, 243 S.E.2d 269 (1978). Plaintiffs do not maintain that their suffering or medical expenses were increased by the doctor's negligence other than asserting that they would not have been incurred at all had plaintiffs been given a meaningful opportunity to terminate the pregnancy. Despite plaintiffs' contention that the crux of their injury was the denial of their right to make an informed choice, the inescapable conclusion is that all of the damages plaintiffs claim flow from the fact that Jennifer Campbell was born rather than not born.

■ Plaintiffs also challenge *Abelson*'s holding on equal protection grounds, arguing that it applies a facially neutral statute, O.C.G.A. § 51-1-27, so as to discriminate on the basis of gender. Plaintiffs also argue that *Abelson* results in disparate treatment among women. It is true that some plaintiffs will recover under Georgia's medical malpractice law while other plaintiffs who have suffered equal or greater injuries will not recover. Nonetheless, the Georgia Supreme Court's holding in *Abelson* does not turn on questions of gender or other arbitrary classifications. The reason plaintiffs do not have a remedy under Georgia law is that they cannot establish the four elements of a traditional tort cause of action. Thus, plaintiffs are treated no differently than any other plaintiff who cannot establish the elements of causation or a legally cognizable injury.

The court recognizes that the pain, suffering and expenses resulting from the birth of Jennifer Campbell impose a tragic, severe, and permanent hardship on plaintiffs. Nonetheless, plaintiffs have not shown the court that application of Georgia law, as required by the Federal Tort Claims Act, would be unconstitutional. Consequently, plaintiffs have no cause of action.

## III. CONCLUSION

Plaintiffs' motion for leave to file a supplemental brief is GRANTED. Defendant's motion to dismiss is GRANTED. Defendant's motion to extend discovery, motions to stay proceedings, and motion to extend time to file the pretrial order are moot and are DENIED.

SO ORDERED.