A92A1943. R. J. REYNOLDS TOBACCO COMPANY v. FISCHER.
(427 SE2d 810)

POPE, Chief Judge.
This appeal arises from a protective order entered by the Superior Court of Richmond County with regard to discovery sought in an action pending in a California court. Plaintiff Janet Mangini filed suit in a California trial court against R. J. Reynolds Tobacco Company and other defendants. Plaintiff Mangini filed her action as a private attorney general under applicable California law, alleging unfair busi-

ness practices by defendants in their "Joe Camel" advertising campaign and seeking an order requiring corrective advertising and providing other injunctive relief. Defendant Reynolds then caused a deposition subpoena duces tecum to be issued to Dr. Paul M. Fischer, a Georgia resident who is not a party to the California suit. Reynolds sought to depose Fischer concerning the research he conducted for an article published in a medical journal on the effects of advertising on young children. Fischer obtained from the Richmond County court a protective order precluding the discovery sought by Reynolds.

1. Fischer has moved to dismiss this appeal on the grounds that the order appealed from was not a final judgment and thus an application for interlocutory appeal was required under OCGA § 5-6-34 (b). Even if an order does not specify that it is a grant of final judgment, " 'it nevertheless constitutes a final judgment within the meaning of (OCGA § 5-6-34 (a) (1)) where it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court. (Cit.)' [Cit.]" *Vurgess v. State of Georgia*, 187 Ga. App. 700, 701 (1) (371 SE2d 191) (1988). The only issue to be resolved by the Georgia trial court was the question whether Fischer was entitled to a protective order. Once the court granted the motion for protective order, Reynolds had no further recourse in the trial court. Consequently, Reynolds was entitled to appeal directly from the court's order.

In his motion, Fischer also contended the issue raised is moot because summary judgment was granted defendants in the California action. The parties to the appeal have subsequently stipulated that the appeal is not moot because the plaintiff in the California action has appealed the grant of summary judgment.

2. Reynolds contends the trial court abused its discretion in completely disallowing discovery when the discovery was reasonably calculated to lead to the discovery of admissible evidence and less restrictive measures were available.

The purpose of the discovery rules " 'is to enable the parties to prepare for trial so that each party will know the issues and be fully prepared on the facts. Discovery is specifically designed to fulfill a two-fold purpose: issue formulation and factual revelation. The use of the discovery process has been held to be broadly construed.' [Cit.]" *Intl. Svcs. Ins. Co. v. Bowen*, 130 Ga. App. 140, 143 (202 SE2d 540) (1973). Notwithstanding this policy in favor of broad construction of the discovery rules, trial courts also have wide latitude in determining whether proposed discovery is germane to the issues presented in the case. *Henson v. American Family Corp.*, 171 Ga. App. 724, 732 (10) (321 SE2d 205) (1984); see *Jackson v. Gordon*, 122 Ga. App. 657 (178 SE2d 310) (1970). In previous cases, we have found no abuse of dis-

cretion in a trial court's decision to limit or preclude discovery the court finds is not reasonably calculated to lead to the discovery of admissible evidence. *Olukoya v. American Assn. of Cab Cos.*, 202 Ga. App. 251, 254 (3) (414 SE2d 275) (1991); *Henson*, supra.

In the California case out of which this discovery dispute arises, plaintiff is contending that defendant Reynolds' use of the "Joe Camel" logo on promotional material without including the federally mandated warning labels constitutes an unfair business practice under California law. The complaint included quotations from two articles published in the Journal of the American Medical Association concerning the effectiveness of the "Joe Camel" advertising campaign. In the same issue of the Journal, Fischer published an article entitled "Brand Logo Recognition by Children Aged 3 to 6 Years, Mickey Mouse and Old Joe the Camel," which detailed the results of his research findings that young children absorb and remember advertising messages. Although no party to the California action has expressed a desire to call Fischer as a witness, Reynolds contends it is entitled to depose Fischer concerning the methodology and findings of his study and the identities of the participants because plaintiff might call a witness who might rely on Fischer's findings.

We find no error in the trial court's conclusion that the evidence sought was beyond the bounds of discoverable evidence. Plaintiff's cause of action is based not on a contention that the Joe Camel advertising campaign influences young children, but on an allegation that the omission of the federal warning from the logo is an unfair business practice. Therefore, Fischer's findings are not relevant to the claim as alleged in the complaint. Since the *effect* of the advertising is not in issue, any discovery from Fischer would not be reasonably likely to lead to admissible evidence. Accordingly, under the circumstances of this case, we find no abuse of the trial court's discretion. See *Olukoya*, supra; accord *Reece v. Selmonosky*, 179 Ga. App. 718 (2) (347 SE2d 649) (1986).

3. Given our holding in Division 2, we need not address Reynolds' remaining enumerations of error.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED FEBRUARY 8, 1993.

*Fulcher, Hagler, Reed, Hanks & Harper, James W. Purcell*, for appellant.

*Robert W. Hunter III, Solicitor*, for appellee.